ROBERT SANCHEZ *v.* STATE OF INDIANA.

[No. 1269S311. Filed March 11, 1971. Rehearing denied April 1, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged with and convicted of a violation of the 1935 Narcotics Act, as amended, (1956 Repl.), Burns' § 10-3538. He has assigned as error the trial court's overruling of his motion to suppress evidence obtained by a search of his person immediately following his arrest and its denial of his motion for a new trial.

Going first to the motion to suppress, the evidence at the hearing thereon disclosed that arresting Officer Jones was one of the party of officers that went to the apartment of the defendant and his wife for the purpose of arresting the wife upon a warrant. Officer Jones went to the side of the premises while others entered from the front. From this position Officer Jones could observe the north side of the house and inside the basement, and while thusly engaged he saw defendant, whom he knew to be a narcotics user, in the basement, inject himself with an improvised hypodermic contraption and place the contraption under a rug. During this interval Officer Mukes and another officer had entered the front of the premises and were in the process of reading the arrest warrant to defendant's wife. Officer Jones entered from the front, and at approximately this same time the defendant entered the room from the basement. Officer Jones, experienced in matters involving narcotics users, observed that the defendant's arm was bleeding slightly in the area of the injection and that he appeared to be under the influence of narcotics. He placed defendant under arrest on a charge of possessing an "outfit" (an instrument adapted for the use of narcotic drugs by injection in a human being), in violation of the above mentioned narcotics law, and Officer Mukes searched his person and found a small quantity of marijuana, which was the evidence sought to be suppressed. It is defendant's contention that there was no probable cause for the arrest and that, accordingly, the search was illegal and the product thereof inadmissible.

"It is settled law that a peace officer may arrest without a warrant when he has reasonable and probable cause for believing that a felony is being, or has been committed by the person arrested." *Johns* v. *State* (1956), 235 Ind. 464, 134 N. E. 2d 552.

"Probable cause justifying an arrest without a warrant exists where facts and circumstances within the arresting officer's knowledge, or of which he had reasonable trustworthy information, would lead a reasonably prudent person under the conditions at the time to believe a crime had been committed." *Manson* v. *State* (1967), 249 Ind. 53, 229 N. E. 2d 801.

We find that there was probable cause for the arrest of the defendant, that the search of his person was legal as incident to a lawful arrest, that the search was properly limited in scope and that the marijuana came into "plain view" during the search and was therefore seizable as evidence of a separate crime.

Defendant strenuously denied the facts set forth above and offered testimony which, if believed, might have explained away the incriminating circumstances. That it is not the duty of this Court, on appeal, to weigh the evidence or determine the credibility of witnesses, but merely to look to that evidence and the reasonable inferences therefrom which tend to support the finding of the trial court is too well established to warrant further discussion. *Croney* v. *State* (1969), 252 Ind. 319, 247 N. E. 2d 501; *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809; *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89.

Relying upon the case of *Chimel* v. *California* (1969), 395 U. S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685, defendant asserts that notwithstanding the lawfulness of the arrest the subsequent search went beyond lawful limits. It is true that the Supreme Court of the United States held in the *Chimel* case that the search far exceeded the bounds acceptable to it; beyond that, however, there is no similarity between the circumstances of that case and the one at bar.

In the *Chimel* case the Supreme Court of the United States had occasion to set forth those principles underlying the permissible scope of searches incident to a lawful arrest. Mr. Justice Stewart, speaking for the court, stated:

> "*In addition it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction.* * * * There is ample justification, therefore, for a search of the arrestee's person and the area within his immediate control—construing that phrase to mean the area from which he might gain possession of a weapon or destructible evidence." (Emphasis added)

Applying those guide lines we cannot say that the search of the defendant exceeded lawful limits, and we affirm the trial court's ruling upon the motion to suppress.

Appellant's motion for a new trial, omitting the formal portion, is as follows:

> "Comes now the defendant in the above entitled cause, Robert G. Sanchez, and respectfully moves the court for a new trial herein on the following grounds and reasons, to-wit:
> 1. That the court erred in overruling defense counsel's Motion to Suppress the evidence; that the arrest of the (defendant) was illegal and in violation of his constitutional rights.
> 2. The court erred in overruling defense counsel's Motion to Suppress the evidence for the reason that the search warrant issued to the Indiana State Police was never produced in court nor was it ever introduced into evidence by the State (see prosecutors brief in opposition to defendants Motion to Suppress the evidence).
> 3. The court erred in granting to the prosecutor a continuance after the witnesses were sworn and evidence heard; that before trial started the defendant objected to a continuance by the state which objection the court sustained.
> 4. The court erred in overruling the motion of the defense counsel for a finding of not guilty and a discharge at the conclusion of the states case and the prosecutor had rested his discharge for the reason that the state had failed to prove all the material allegations of the affidavit in this cause.

5.   That the court erred in overruling the motion of defense counsel for a finding of not guilty and a discharge at the conclusion of all the evidence in this cause, the state having rested and the defense having rested; that at the conclusion of all the evidence in this case the defense counsel moved for a finding of not guilty and a discharge for the reason that the state had failed to prove all the material allegations contained in the affidavit and after the defendant had testified none of testimony was rebutted.

6.   The court erred in permitting into evidence States exhibit numbered one (1) over the objection of defense counsel for the reason that said exhibit contained evidence that was obtained as a result of a search of the defendant after an illegal arrest and for the further reason that said exhibit was prematurely offered prior to proof of what said exhibit really consisted of.

7.   That the finding of the court is contrary to law.

8.   That the finding of the court is not sustained by sufficient evidence.

Wherefore the defendant moves the court for a new trial in this cause for the reasons given."

Ground No. 1 and that portion of No. 6 which relates to the arrest and search presents the same questions as the motion to suppress and is controlled by our decision thereon.

Grounds 2, 3, and that portion of 6 which relates to a premature offering of an exhibit into evidence, are not treated in appellant's brief and are thus waived. Indiana Rules of Procedure AP. 8.3(A) (7).

Grounds 4, 5, 7 and 8 present substantially the same questions and are addressed to the sufficiency of the evidence. The evidence introduced at the trial was the same as that introduced in the hearing on the motion to suppress. In addition, a portion of the substance taken from defendant's person during the search complained of was properly introduced into evidence and identified as marijuana, which was further identified as cannabis sativa. The portion of the act which defendant was charged with having violated is as follows:

"Any person who possesses or has under his control any narcotic drugs, except as authorized under the laws of the United States or the State of Indiana, shall upon conviction

be fined not more than One Thousand Dollars ($1,000.00) and be imprisoned in the state prison for not less than two (2) years nor more than ten (10) years."

We cannot say that there was not substantial evidence of probative value from which the court could reasonably find that the defendant was in possession of marijuana on the occasion charged. Elsewhere in the act "narcotic drug" is defined, and the definition includes cannabis and any substance, etc., chemically identical with cannabis. The felonious intent may be properly presumed. 22 C.J.S. 118, *Marmont* v. *State* (1874), 48 Ind. 21, *Haggard* v. *State* (1901), 26 Ind. App. 695, 59 N. E. 1135. The defendant offered no evidence or legal authority for such possession, but only attempted to convince the court that he did not know how the substance came to be in the pocket of the trousers that he was wearing. It is obvious that the trial court did not believe this, and it was not required to do so.

Affirmed.

Arterburn, C.J. Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 374.