LINDA LEE FULLER, ET AL. *v.* STATE OF INDIANA.
EVERETT JONES *v.* STATE OF INDIANA.

[No. 370S49 & No. 370S64 (consolidated action). Filed August 3, 1971. Rehearing denied September 28, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Lon D. Showley,* Deputy Attorney General, for appellee.

PRENTICE, J.—These appeals arise out of the same factual situation and trial and, for convenience have been consolidated and will be here treated together.

Defendants (Appellants) Linda Lee Fuller and Everett Jones, were convicted in a trial by the court upon an indictment in two counts charging conspiracy to commit a felony, to-wit: Rape and Kidnapping. (1956 Repl. Burns Anno. Stat. § 10-1101, Acts of 1905, Ch. 169, § 641, p. 584.) The defendant, Jones, was also convicted upon another indictment charging Rape. (1956 Repl. Burns Anno. Stat. § 10-4201, Acts of 1941, Ch. 148, § 3, p. 447.) The errors assigned are the overruling of motions for new trials, both of which charged that the findings of the court were not sustained by sufficient evidence and were contrary to law.

With respect to the conspiracy charges, Defendants contend that there was no evidence that the defendants had an intelligent, deliberate agreement to commit the offense charged, i.e. conspire to commit a felony, to-wit: Rape; and that there was no evidence as to a material element of the crime of rape, to-wit: Force. With respect to the rape charge, the defendant, Jones, again contends that there was no evidence that the act of intercourse was against the will of the prosecuting witness.

The prosecuting witness, Betty Trent, testified that while she was awaiting a bus at a bus station in the city of Indianapolis, she was approached by Fuller, and at Fuller's invitation accompanied her to the coffee shop where Jones was introduced as Fuller's husband and joined them, with the witness' consent. The defendants invited Trent to go with them to their home. She accepted, and they went in a cab, with the understanding with the defendants that they would return her to the station in time to board her bus which was scheduled to depart in approximately one hour. Shortly after arriving at the defendants' home, Jones produced a gun, which he gave to Fuller; and the two of them took Trent into a bedroom and told her to get undressed and into bed, which she did. The defendants disrobed, got into bed with Trent, caressed erogenous areas of her body, and Jones proceeded to have sexual intercourse with her. Trent further testified that the entire bedroom proceedings were against her will and that

she did not struggle or resist because the gun was present, and she was afraid.

Following the aforesaid episode, the defendant, Jones, told Trent that if he let her go she probably would go to the police, and he would "have to pay a lot to beat the rap;" and the defendant, Fuller, invited her to stay with them and join her in prostitution. Thereafter, Fuller called a friend, Elaine, and told her that the three of them were coming for supper. Still with the gun in their possession, Jones and Fuller took Trent by cab to Elaine's home, where they remained for some time and during which time Trent did not resist or try to escape. No food was served and Trent told the defendants she was hungry, whereupon the three of them went by cab (all in the rear seat) to a restaurant; and when the defendants went to the counter to order, Trent ran out the door. Trent further testified that she accompanied the defendants, as above related, because she was afraid they would kill her if she did not, and that she broke away at what she considered to be her first opportunity.

The defendant, Jones, testified that Trent went with them willingly and remained with them voluntarily throughout the time they were together, and that he did have sexual intercourse with Trent, as testified to by her, but that the act was voluntarily engaged in by her and without any force or threats of violence. The defendant, Fuller, did not testify.

In reviewing the allegation of insufficient evidence, this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to the evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89; *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502.

The conviction will be affirmed, if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a

reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558; *Brown* v. *State* (1970), 255 Ind. 227, 263 N. E. 2d 534.

With reference to the claim of the defendants that there was no evidence of an intelligent and deliberate agreement or conspiracy to commit the crime charged, this Court has held:

a. "In order to be a conspiracy there must be an intelligent and deliberate agreement to commit the offense charged. It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to do the acts and commit the offense, though the agreement is not manifest by any formal words. *Concurrence of sentiment and cooperative conduct in the unlawful and criminal enterprise are the essential ingredients of criminal conspiracy.* There must be an agreement and there must be evidence to prove the agreement directly, *or such a state of facts that an agreement may be legally inferred. * * *.*" (Emphasis supplied) *Coughlin* v. *State* (1950), 228 Ind. 393, 92 N. E. 2d 718.

b. "It has been held that a conspiracy does not need to rest solely on words giving rise to an express agreement, but may be inferred from acts and conduct of the persons accused done in pursuance of an apparent criminal or unlawful purpose in common between them." *Johnson* v. *State* (1968), 251 Ind. 182, 240 N. E. 2d 70; *Gaynor* v. *State* (1966), 247 Ind. 470, 217 N. E. 2d 156; *Smith* v. *State* (1960), 241 Ind. 311, 170 N. E. 2d 794.

c. "It is not necessary to prove the defendants came together and actually agreed in terms to have the unlawful purpose and to pursue it by common means. If it be proved that the defendants pursued by their acts the same object, often by the same means, one performing one part and another another part of the same so as to complete it with a view to the attainment of that same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object." *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729; *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54.

With reference to the claim of the defendants that there was no evidence of the essential element of "force" necessary to

sustain the charges for rape and conspiracy to rape, a ■ conviction for rape, and consequently a finding of force essential to a conviction for conspiracy to rape, may be had on the uncorroborated testimony of the prosecuting witness, provided such testimony was sufficient to convince the trier of fact of the defendants' guilt, or force, beyond a reasonable doubt. *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Woods* v. *State* (1968), 250 Ind. 132, 235 N. E. 2d 479.

We hold that the evidence was sufficient to support the findings against both defendants on all essential elements of the crime of conspiracy to commit rape and to support findings against defendant, Jones, on all essential elements of the crime of rape.

The defendants, by their briefs, present nothing for review with respect to their convictions upon the count of conspiracy to kidnap, and any questions relative thereto are accordingly waived.

The judgment of the trial court is affirmed in both cases.

Arterburn, C.J. and Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 720.