JERRY L. CRAVENS AND DONALD L. GROSS *v.* STATE OF INDIANA.

[No. 370S46.  Filed November 18, 1971.]

*Jack R. Burton,* of Indianapolis, for appellants.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendants (Appellants) were convicted in a trial to the court of the offense of Second Degree Burglary, sentenced to imprisonment in the Indiana State Reformatory for indeterminate terms of not less than two and not more than five years and disfranchised for two years. The pertinent part of the statute under which they were charged is as follows:

> "Whoever breaks and enters into any * * * building or structure other than a dwelling house or place of human habitation, with the intent to commit a felony therein, shall be guilty of burglary in the second degree, * * *." (I.C. 1971, 35-13-5-4, Acts 1941, Ch. 148, § 4, 1956 Repl. Burns Ind. Stat. Ann. § 10-701.)

More specifically, the affidavits charged the defendants with breaking and entering a business house of Henry Pridemore, in Mitchell, Indiana, with intent to commit a theft. A third defendant, Asher Barger, was also charged by separate affidavit and, tried in the same trial and convicted of second degree burglary, but this appeal does not involve that conviction.

The evidence most favorable to the State discloses that during the early morning hours of August 23, 1969, Richard Turner and David Karr, police officers of the city of Mitchell, observed an automobile carrying the defendants and Asher. The vehicle turned north onto Sixth Street, traveled one block to Main Street and turned west on Main Street, which was a one way street with traffic flowing east. The officers gave chase and the automobile carrying the defendants and Asher proceeded for some distance, made several turns, parked in a private driveway which was not the driveway of any of the defendants, and the defendants hopped out and ran. When the police arrived, the car was deserted and the left front door standing open. The officers observed a box of bottles and

some tools on the floor of the vehicle. They went to the alley in back of the residence, and the defendant, Cravens, came out and acknowledged that he owned the car. He also stated that he owned the contents, that he was a collector of bottles and had purchased those in the vehicle in Salem, Indiana. Officer Turner gave the defendant Cravens a ticket for the traffic violation and released him. The officers proceeded to patrol the area looking for the defendant Gross and Barger when they again observed the same automobile and saw two men get into it. The officers again gave chase and stopped the vehicle. At this time, the defendants and Barger were in the vehicle. On request they identified themselves and the police again examined the contents of the vehicle but released the men who proceeded to drive towards Salem, Indiana. Having seen the defendants' vehicle parked behind the store of Henry Pridemore approximately ten minutes prior to the time that it was first observed driving in the wrong direction on the one way street, and knowing Henry Pridemore to be a collector of bottles, they checked his building and found the back door had been broken into. They called Mr. Pridemore who came to the store and advised that six of his bottles were missing. The Mitchell police then called the Salem police and the Salem police stopped the car in which the defendants and Barger were riding. The bottles seen earlier by the police were still in their possession and were later identified at the trial by Mr. Pridemore, as being his property, and he further testified that he had not authorized the defendants' entry or possession.

The error alleged by the defendants is addressed to the sufficiency of the evidence and more specifically that the State presented no evidence of a breaking and entering by either of the defendants or of possession of the stolen bottles by the defendant, Gross.

It is axiomatic that this Court, on appeal in a criminal action, will consider only the evidence most favorable to the

State and the reasonable inferences deductible therefrom. *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502; *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514.

It is also the rule that this Court will neither weigh the evidence nor determine the credibility of witnesses: *Fuller* v. *State, supra; Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374; *Rusher* v. *State* (1971), 256 Ind. 520, 270 N. E. 2d 748; *Powell* v. *State* (1970), 254 Ind. 200, 258 N. E. 2d 633; and that a conviction will be affirmed, if there is any evidence of probative value to support each of the essential elements of the crime for which the appellant stands convicted. *Gibson* v. *State, supra; Fuller* v. *State, supra; Taylor* v. *State* (1971), 256 Ind. 92, 267 N. E. 2d 383; *Boss* v. *State* (1970), 255 Ind. 222, 263 N. E. 2d 546.

The defendants were seen together in the early morning hours in the general proximity of the burglarized premises. Earlier, the vehicle in which they were ridding was seen parked behind such premises. When pursued by the police for a traffic violation, they fled, and the defendant, Gross, succeeded in eluding them, only to rejoin the defendant, Cravens, in the same vehicle a short time later. The stolen property was in the vehicle. True, each of the defendants testified as to their innocence and offered testimony explaining their presence; the defendant, Cravens, testified with respect to his possession of the stolen property, and such testimony was consistent with the hypothesis of innocence. It was for the trial court, however, as the trier of the facts, to determine whether the testimony of the defendants or the reasonable inferences to be drawn from the circumstantial evidence offered by the State would prevail. We can disturb its conclusion only when there is a total lack or so little evidence of probative value that we must say, as a matter of law, that the trier of the facts, as reasonable

men, could not have been convinced of the accused's guilt beyond a reasonable doubt. *Beck* v. *State* (1958), 238 Ind. 210, 149 N. E. 2d 695.

Although the evidence in this case is circumstantial, we cannot say, as a matter of law, that the trial court acted unreasonably. While the "scintilla of evidence" does not apply and will not support a verdict of guilty in a criminal case: *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6; *Thomas* v. *State* (1958), 238 Ind. 658, 154 N. E. 2d 503; *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641; neither is mathematical certainty required; (*Chambers* v. *State* (1953), 232 Ind. 349, 111 N. E. 2d 816) and we cannot say that no reasonable man could, from such evidence, find the defendants guilty beyond a reasonable doubt, as the rule of law defining "proof beyond a reasonable doubt" has been established by this Court and is set forth in *Chambers* v. *State, supra.*

Defendants have argued that their explanation of their presence near the scene of the crime and of their possession of the stolen property were uncontroverted and must therefore be taken as true. And have cited the case of *Winn* v. *State* (1953), 232 Ind. 70, 111 N. E. 2d 653 to support their contention that the trial court was required to accept the defendants' explanation. In this respect, the defendants seek to apply a rule too broadly. A contradiction need not necessarily be by direct testimony but may be inferential, provided such inference may be reasonably drawn from probative facts in evidence.

Finding no error, the decision of the trial court is affirmed.

Arterburn, C. J. and Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 4.