WILLIAM WHITIS *v.* STATE OF INDIANA.

[No. 1070S259. Filed January 20, 1972.]

628

*Michael T. Dugan, II,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrell K. Diamond,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged in a trial to the court upon two counts of theft, in that he knowingly exercised unauthorized control over a truck and garden tractor of one Fred Capp, with intent to deprive the owner permanently of the use and benefit thereof. He moved for discharge at the end of the State's evidence, which motion was overruled. He presented no evidence and was found guilty upon both counts and sentenced to one to ten years imprisonment and assessed a fine of $100.00 upon each count. A motion to correct errors followed and challenged the sufficiency of the evidence, as did the motion for dischafge.

When the sufficiency of the evidence is raised on appeal, this Court will consider only that evidence most favorable to

the State, together with all logical and reasonable inferences which may be drawn therefrom. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89.

The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Fuller* v. *State, supra.*

This Court, on appeal, will not weigh the evidence or determine the credibility of witnesses. *Fuller* v. *State, supra; Rusher* v. *State* (1971), 256 Ind. 520, 270 N. E. 2d 748; *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374.

Reviewing the evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom, we find the following:

On the night of September 20-21, 1968, the defendant and an accomplice, Glenn Heldman, were at a party. Defendant there suggested to Heldman that they take, from a location known to the defendant, a truck and garden tractor and sell the same. They went separately to the property of Fred Capp at 5226 Nob Lane, Indianapolis. Heldman went to the garden tractor, pushed it down hill a short distance, to a point where the defendant met him with the truck. Together they loaded the tractor onto the truck, and, with the defendant driving, they went to a telephone, where Defendant made a call, after which he advised Heldman that they had to go to Anderson. They proceeded east, towards Anderson, and while they were stopped at a traffic light, they were approached by Deputy Sheriff Bauer, who had left his patrolling vehicle and was approaching on foot, to investigate the vehicle by reason of defective taillights. As Bauer approached Defendant and Heldman, they drove off at high speed. He pursued them a short distance and lost them in the fog, but noted the general description of the truck, and that it contained two men. This encounter occurred at approximately 4:10 a.m. Approxi-

mately one hour later, Bauer located the truck and tractor, which had been abandoned. Ownership of the truck was traced by vehicle registration records, Mr. Capp was notified and went to the site and identified both the truck and tractor as his property, last known by him to have been left by his employees at the Nob Lane address, the site of a construction project. Mr. Capp further testified that he did not know either the defendant or Heldman and had not given consent to either of them for them to take either vehicle.

We cannot say, from the foregoing, that there is any insufficiency of substantial evidence of probative value from which the trial judge, as the trier of the facts, could reasonably infer that the appellant was guilty beyond a reasonable doubt.

The defendant challenges the testimony of the accomplice witness as being so inherently incredible that it would be excluded from consideration. His premise is that his testimony lacked credibility by reason of (1) being an accomplice, (2) admitting to having been very intoxicated prior to and during the execution of the theft and (3) having very poor eye sight. All of the foregoing are matters of credibility only, to be determine by the trier of the facts. *Fuller* v. *State, supra; Rusher* v. *State, supra; Sanchecz* v. *State, supra.*

Defendant further challenges the evidence of intent. It is clear from the testimony of Heldman concerning the conversation between him and the defendant prior to the theft, that they had the requisite intent. But even without such testimony, such intent could be reasonably inferred from their acts. The defendant further maintains that the State failed to prove that the defendant ever had the truck or tractor in controversy in his possession, and has spent considerable time and effort in arguing that the evidence discloses only that he was at the site from which the truck and tractor were taken and that his mere presence there would be insufficient to sustain a conviction upon the charges. However, it cannot be seriously disputed that the evidence warrants a finding of more than his

"mere presence." An exercise by him of dominion and control of the stolen property clearly appears.

Finding no error, the judgment of the trial court is affirmed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 372.