CHESTER VAUGHN *v*. STATE OF INDIANA.

[No. 471S122. Filed July 24, 1972. Rehearing denied September 15, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

PRENTICE, J.—The defendant (appellant) was convicted upon two affidavits of Assault and Battery with Intent to Kill and sentenced to imprisonment for not less than two or nor more than fourteen years upon each charge in a consolidated trial to the court. His motion to correct errors presents two questions: (1) sufficiency of the evidence upon the issues of intent to kill and self defense and (2) error at law, in that the trial judge denied the defendant a continuance.

1. The evidence adduced at the trial, viewed most favorably to the State, disclosed that as the prosecuting witnesses, Hoskins and Alexander, walked to their parked automobile in the parking lot of their place of employment, they were confronted by the defendant, who was nearby with a shotgun resting upon the open door of his parked vehicle and aimed in their direction. The witnesses turned and ran, and as they did so, the defendant fired the shotgun three times, striking and injuring both. On previous occasions, the defendant had threatened to kill Alexander and had, once previously gone to the residence of Hoskins with a shotgun and tried unsuccessfully to gain admittance.

We hold that the foregoing evidence warranted the trial judge in finding that the defendant had perpetrated an assault and battery upon each of the aforementioned State's witnesses with the intent to kill each, and that in so doing, the defendant was not acting in self defense.

When the sufficiency of the evidence is raised as an issue on appeal, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appel-

lant was guilty beyond a reasonable doubt. *Cravens* v. *State* (1971), 257 Ind. 381, 275 N. E. 2d 4; *Potter* v. *State* (1971), 257 Ind. 370, 274 N. E. 2d 699; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720.

Hoskins was the brother of the defendant's estranged wife. The defendant testified that he had planned to follow the two witnesses, in order to determine the whereabouts of his wife and son, that Alexander had been having an extra-marital affair with his wife, and that both men were armed and had opened fire upon him previously to his having shot them. He further testified that he had no intention of firing upon them, that he did so only in self defense and that Hoskins had previously assaulted him. This Court, on appeal, will not weigh the evidence nor determine the credibility of witnesses. *Cravens* v. *State, supra; Potter* v. *State, supra; Fuller* v. *State, supra.*

Intent need not be proven by positive evidence but may be inferred from the deliberate use of a deadly weapon in a manner calculated to cause death. *Livingston* v. *State* (1972), 257 Ind. 620, 277 N. E. 2d 363; *Warren* v. *State* (1963), 243 Ind. 508, 188 N. E. 2d 108; *Schlegel* v. *State* (1958), 238 Ind. 374, 150 N. E. 2d 563. The testimony of the prosecuting witnesses that they were unarmed, had not accosted the defendant and had their backs turned and were fleeing at the time the defendant shot and injured them was sufficient to overcome the defendant's claim of self defense.

2. Following the testimony of the defendant, the following dialogue took place between the court and defense counsel:

*"THE COURT:* Next witness, please.

*MR. SIRMIN:* We don't have any other witnesses. His brother doesn't have a phone and we could not . . . . . .

*THE COURT:* I asked you if you were ready. You said, yes, ready for trial today. You said yes. Now, don't get to be like the Prosecutor. When I ask you if you're ready,

you're ready, you understand. If you weren't ready, I would've given you a continuance, but, you said you were ready, right now, so, we're ready.

*MR. SIRMIN:* That's all, Your Honor."

From the foregoing, we cannot conclude that a defense motion for continuance was entered. It is apparent, however, that such a motion would have been denied, and for purposes of this appeal, we will consider the colloquy as a motion and denial of a continuance. This issue is governed by Trial Rule 53.4 (formerly 53.3), applicable in criminal cases by reason of Criminal Rule 21. T.R. 53.4, in pertinent parts, being as follows:

> "Upon motion trial may be postponed or continued in the discretion of the court . . . upon a showing of good cause established by affidavit on other evidence . . . A motion to postpone the trial on account of the absence of evidence, can be made only upon affidavit, showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it; and where the evidence may be; *and if it is for an absent witness, the affidavit must show the name and residence of the witness, if known, and the probability of procuring the testimony within a reasonable time . . . and that he is unable to prove such facts by any other witness whose testimony can be as readily procured . . ."* (Our emphasis)

Defendant had laid no foundation for continuance and, in fact, had earlier announced that he was ready for trial. We, therefore, find no error in the court's refusal to continue the proceedings after the trial had commenced.

Finding no error, the decision of the trial court is affirmed.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 765.