WALTER JAMES BAYNARD, JR. *v*. STATE OF INDIANA.

[No. 671S173. Filed September 15, 1972.
Rehearing denied November 2, 1972.]

*Larry S. Pugh,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted by jury of the offense of Robbery under Acts of 1941, ch. 148, § 6, 1956 Repl. Burns Ind. Stat. Ann § 10-4101, IC 1971, 35-13-5-6. He was sentenced to imprisonment for not less than ten (10) nor more than twenty (20) years and disfranchised for the term of his confinement. His appeal challenges (1) the sufficiency of the evidence and (2) the ruling of the trial court denying a motion for mistrial predicated upon misconduct of counsel.

(1) The sufficiency of the evidence herein cannot be seriously disputed. The testimony of David Law, manager of the victimized food market, disclosed that the defendant and an accomplice entered the store, that the defendant pointed the gun at him and ordered him to open the cash drawers, which he did because he was in fear and that while the defendant so held him at gunpoint, the accomplice removed the money from the cash drawers and that the two robbers departed together. Mr. Law's testimony was corroborated by the accomplice, who testified as a State's witness but admitted under cross examination that, at the time of the crime, he was under the influence of narcotics. The defendant challenged the credibility of Mr. Law's identification and the entire testimony of the accomplice by reason of his admitting to having been under the influence of narcotics. These challenges, however, go only to the weight of the testimony, which is the province of the trier of the facts. We hold that there was sufficient evidence presented upon each element of the crime charged to support the verdict. This Court, on appeal, will not weigh the evidence nor determine the credibility of witnesses; and when the sufficiency ot the evidence is raised as an issue upon appeal, we will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of the facts could reasonably infer

that the appellant was guilty beyond a reasonable doubt. *Cravens* v. *State* (1971), 257 Ind. 381, 275 N. E. 2d 4; *Potter* v. *State* (1971), 257 Ind. 370, 274 N. E. 2d 699; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720.

(2) The charge of prejudicial misconduct of counsel arose from an offer into evidence by the prosecutor of a police photograph of the defendant referred to as a "mug shot." The defendant objected, and the prosecutor immediately withdrew the offer. The defendant moved for a mistrial, which was argued outside the presence of the jury. The court overruled the motion but admonished the jury that the photograph was not in evidence and that in the event any juror had caught a glimpse of it, it was to be disregarded and not considered in any manner. It is the defendant's contention that the prior interrogation of the identifying witness had been calculated to inform the jury that the photograph offered was a "mug shot" and further that one or more of the jurors might have seen the photograph immediately prior to the offer and recognized it as a "mug shot," notwithstanding the prosecutor's proper handling of the exhibit while it was being identified and offered. The offer of the photograph came during redirect examination of the witness. On direct examination of this witness, he had testified that he had previously identified a photograph of the defendant selected from approximately twenty or twenty-five photographs tendered him by the investigating officer. There was no objection to such testimony, and the defendant cross examined extensively concerning it. The photograph was not admissible in evidence, as it indicated that the defendant had a criminal record. *Vaughn* v. *State* (1939), 215 Ind. 142, 19 N. E. 2d 239; *United States* v. *Silvers*, 7th Ct. of Appeals (1967), 374 F. 2d 828, certiorari denied 389 U.S. 888, 88 S. Ct. 128, 19 L. Ed. 2d 189; *Blue* v. *State* (1968), 250 Ind. 249, 235 N. E. 2d 471; 30 A. L. R. 3d 902.

There are, of course, exceptions to the rule that the prosecution cannot introduce evidence to show the bad character or

reputation of the accused, such as where the character or reputation are legitimately in issue or relevant as bearing upon credibility. However, the case at bar does not fall within such exceptions. We will not hesitate, in a proper case, to order a mistrial for misconduct of counsel prejudicing or likely to prejudice the rights of the accused. *White* v. *State* (1971), 257 Ind. 64, 272 N. E. 2d 312.

The determination, however, generally lies within the sound discretion of the trial court and will not be lightly disturbed upon appeal. The trial judge noted that the defendant had opened the door to the proffered evidence by his cross examination and further that the prosecutor had held the exhibit at great care to avoid exposure to the jury and that, in his opinion, it was unlikely that the jury could have been improperly influenced. We here find neither the deliberate misconduct indicated by the record in *White* v. *State, supra,* nor the imperiled position of the defendant that prompted our reversal in that case.

Finding no error, the judgment of the trial court is affirmed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 844.