## MARION TURNER v. STATE OF INDIANA.

[No. 671S168. Filed September 26, 1972.
Rehearing denied December 6, 1972.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Frederick R. Spencer,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted in a trial by jury of the offense of Robbery by Putting in Fear (Acts of 1941, ch. 148, § 6, 1956 Repl. Burns Ind. Stat. Ann. § 10-4101, IC 1971, 35-13-4-6). He was sentenced to imprisonment for not less than ten (10) nor more than twenty-five (25) years and disfranchised for ten (10) years. The appeal cites three alleged errors:

(1) Insufficiency of the evidence.
(2) Prejudicial misconduct of the prosecutor in his closing argument.
(3) Admission of certain evidence over the objection of the defendant.

The evidence, when viewed most favorably to the State, discloses that during the early morning hours of the day of the crime, the prosecuting witness was driving his automobile alone in the City of Indianapolis. He was stopped at a traffic sign when the defendant approached his vehicle with a gun in view and ordered him to unlock the door on the opposite side, which he did. The co-defendant of Defendant got into the back seat and Defendant into the front seat. Keeping the gun in view, the defendant ordered the witness to drive on. They drove about the city for some time, with the defendant directing the witness where to turn. There had been a heavy snow, and the road conditions were bad. Uutimately, the vehicle became stalled, and at this time, Defendant ordered the witness to give him everything he had of value, whereupon the witness gave him his money, his watch, and his ring. The defendant and his co-defendant got out of the vehicle and ran, the witness waited momentarily, then alighted from the automobile, pursued them and saw them enter an apartment building. He returned to the automobile and, after the lapse of considerable time, managed to again mobilize the automobile and immediately drove to the police department and reported

the robbery. The police accompanied the witness to the apartment building and awoke the landlord, who advised that two men answering the description given by the witness were staying in a basement apartment. The police knocked upon the door of such aparement and announced themselves. The defendant opened the door, and the police and the witness entered. The witness identified the occupants as the men who had robbed him, and a search of a furnace room adjoining the apartment revealed the witness' ring. The witness further identified the defendant at the trial and testified that he was in fear throughout the encounter with him.

(1) From the foregoing, the jury was warranted in finding the defendant guilty of the offense charged beyond a reasonable doubt. We see no lack of evidence upon any material element of the crime. As we have said countless times, this Court, on appeal, will not weigh the evidence nor determine the credibility of witnesses; and when the sufficiency of the evidence is raised as an issue upon appeal, we will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Cravens* v. *State* (1971), 257 Ind. 381, 275 N. E. 2d 4; *Potter* v. *State* (1971), 257 Ind. 370, 274 N. E. 2d 699; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720.

It is the defendant's argument upon this issue that we must disregard the testimony of the prosecuting witness because of the conflict between it and the testimony of the police officer, as to the time that he reported the robbery. The prosecuting witness testified that he left his friend's apartment at approximately 2:15 a.m. and reported the robbery at approximately 4:00 a.m., whereas the police testimony was that the witness reported the crime at 2:20 a.m., which would leave but five minutes between the

time he left his friend's apartment and the time the crime was reported, an interval obviously insufficient for all that he had reported to have transpired. It is the defendant's contention that since it would have been impossible for the facts, as testified to by the prosecuting witness, to have occurred within this five minutes interval, the verdict is not sustained by the evidence. He has quoted at length from *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641, *Vuncannon* v. *State* (1970), 254 Ind. 206, 258 N. E. 2d 639 and *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N. E. 2d 658, reminding us that evidence must be substantial and of probative value to support a criminal conviction and that the "scintilla" rule of civil trials does not apply. In none of such cases, however, has it been suggested that mathematical certainty is required or that a discrepancy appearing from the testimony of two state's witnesses, or for that matter from the testimony of one and the same witness, necessarily presents such a situation as was evident in *Vuncannon* v. *State, supra.* In that case, Chief Justice Arterburn commented that we could not help but be cognizant of the uncertainty and vacillation of the testimony. The testimony of which he spoke, however, was the only testimony tending to prove the crime. Here, the uncertainty is only as to an incidental issue. It necessarily reflects that there is uncertainty as to the time the crime occurred, but it does not, of necessity, raise a reasonable doubt that the crime did occur. We agree with the defendant that the testimony of the police officer concerning the time of the report is more trustworthy than that of the prosecuting witness, but this does not require us to discount or reject all of his testimony. For that matter, neither did it require the jury to believe the police testimony in preference to that of the prosecuting witness, although it is likely that they did so. Human memory being what it is, it is highly improbable that the prosecuting witness could recall all of the details of his experience with exactness. The discrepancy in the testimony in this case, however, is of such type as to go only to the

credibility of the witnesses and the weight to be ascribed to their testimony, and this resolution lies within the exclusive province of the trier of the facts.

(2) In his motion to correct errors, the defendant assigned alleged misconduct of counsel in the making of improper prejudicial remarks during his closing argument to the jury. By his brief upon this issue, he cites only his motion to correct errors. There is no bill of exceptions containing the arguments in the record, hence we are without information as to what was said, and error alleged but not disclosed by the record is not a proper subject for review. *Cooper* v. *State* (1972), 259 Ind. 107, 284 N. E. 2d 799; *Fortune* v. *State* (1937), 212 Ind. 325, 9 N. E. 2d 81.

(3) The trial court, over the objection of the defendant, admitted into evidence a key which was identified as having been found by the prosecuting witness in his automobile following the robbery. The witness also testified that the key had not been there prior to the robbery. We question the relevance of the key as evidence, notwithstanding further testimony that the defendant was wearing a bunch of keys on a chain around his neck at the time of the robbery, which we regard as too casual to connect the key to the defendant. The defendant, however, has made no attempt to show how such evidence prejudiced him, and we can perceive no harm from it. It is the responsibility of an appellant to affirmatively show that the error complained of was prejudicial to his cause. *Hitch* v. *State* (1972), 259 Ind. 1, 284 N. E. 2d 783; *Wright* v. *State* (1958), 237 and 593, 147 N. E. 2d 551. If we were to assume his burden in this regard, however, we would, nevertheless, be unable to carry it. The most that the jury could possibly have inferred from the key and the testimony pertinent to it was that the defendant had been in the prosecuting witness' automobile at about the time the crime was alleged to have been committed. Not only was this fact not disputed, but the defendant himself testified that he was in the vehicle at about the time in question.

The error, if any, tended only to show a fact admitted by the defendant and could not have been prejudicial to his defense.

The judgment of the trial court is affirmed.

Arterburn, C.J., DeBruler, Given and Hunter, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 339.