STATE OF INDIANA *v.* PALMWIC INDIANA REALTY, INC., MOBIL OIL CORPORATION AND ROBERT STOCKDALE.

[No. 2-672A22. Filed June 26, 1973.]

*Theodore L. Sendak,* Attorney General, and *Wesley T. Wilson,* Deputy Attorney General, for appellant.

*William B. LeMond, Kammins, LeMond, Carson & Stewart,* of Indianapolis, *Stephen B. Caplin, Caplin & Levinson,* of Indianapolis for appellees.

PER CURIAM—The facts and the trial court judgment and the issues on appeal in the case at bar are, in every significant respect, substantially identical to those recited in the consolidated opinion handed down May 9, 1973, by the Supreme Court of Indiana in *State* v. *Everett Holder, et al.,* and *State* v. *Rentchler, et al.,* 260 Ind. 336, 295 N.E.2d 799, 36 Ind. Dec. 331. On authority of that opinion we order the trial court to vacate that part of its final judgment which required the State to pay appellees' attorney fees, appraisers' fees, and "other expenses."

CONCURRING OPINION

SULLIVAN, J.—I deem the dissenting opinion in *State* v. *Holder* and *State* v. *Rentchler* (1973), 260 Ind. 336, 295 N.E.2d 799 to be extremely persuasive insofar as it construes Trial Rule 41(A)(2) to constitute authorization for the trial court *in its discretion* to assess attorney fees and expenses of trial preparation against the State as a term or condition of dismissal of the State's exceptions to the appraisers' report in an eminent domain action. We are, however, bound by the holding of the majority in *Holder* and *Rentchler, supra.* It is for this reason that I concur.

NOTE.—Reported at 297 N.E.2d 479.