CARL TOM *v.* STATE OF INDIANA.

[No. 1073S206. Filed October 31, 1973.]

*Palmer K. Ward,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Anthony J. Metz,* Deputy Attorney General, for appellee.

PRENTICE, J.—This case is before us on petition to transfer from the Court of Appeals, Division Two. The decision and opinion of that Court, affirming the judgment of the trial court, appears in 297 N. E. 2d 479. The petition to transfer is now granted.

Defendant (Appellant) was convicted of theft (vehicle taking). His appeal raises the sole issue of the sufficiency of the evidence. A black 1964 model Thunderbird owned by one Harvey was stolen in July, 1970 from a lot of a used car dealer to whom it had been consigned for sale. He never saw it again. The theft was reported to the police, and Officer Wright investigated but did not find it at that time. On January 15, 1971, during another investigation, Officer Wright arrested one Hickman. Hickman had in his possession a gold 1964 Thunderbird. Wright observed that the serial number on the Thunderbird was indicative of a 1964 Ford rather than of a Thunderbird. In the automobile, he found a certificate of title for a 1964 Ford, and the serial number thereon was the same as that on the Thunderbird, indicating that the number on the Thunderbird had been altered. The name on the title certificate was that of the defendant, "Carl Tom."

On the following day Wright checked the frame number on the gold Thunderbird and found that it matched the serial number for the black Thunderbird which Harvey had reported

stolen. The defendant was arrested approximately January 21, 1971, and during the investigation, he told Officer Wright that he had once owned a 1964 Ford but that it had been wrecked and that he had sold it to a boy who wanted it only for the engine, that he did not know where the title certificate was but that he had not given it to Hickman. Hickman was arrested approximately January 15, 1971. He was convicted of theft of the Harvey Thunderbird and given a suspended sentence.

Hickman was called as a witness for the State. He testified that he bought the car from one Reed but that he took from Reed the aforementioned certificate of title bearing the defendant's name. He also testified that he knew the defendant, that one year earlier, in January of 1970, the defendant had brought a black Thunderbird to his body shop and had it painted white and that the Thunderbird which he purchased from Reed was white at the time he received it.

Upon cross-examination, Hickman appeared to regard the automobile that Tom had had painted in January of 1970 as one and the same vehicle that he had received from Reed in September or October of 1970. He stated with apparent reference to that vehicle, "* * * the next time I saw the automobile —it belonged, for what I knew, to Mr. Reed." Clearly, if the defendant had possession of the vehicle subsequent to its theft and had it painted, this coupled with the alteration of the serial number to match his certificate of title would be very convincing evidence of his guilt. However, there is no evidence from which it can be found or inferred that the defendant was in possession of the stolen vehicle at the time of the theft or at any time subsequent thereto.

The trier of the facts is the judge of the weight of the evidence and the credibility of the witnesses. *Coleman* v. *State* (1971), 257 Ind. 439, 275 N. E. 2d 786; *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N. E. 2d 374. *However, testimony must be accepted in context or re-*

*jected.* If it is to be believed from the evidence that the defendant had the witness paint a black vehicle white, it must also be believed that he did so at or about the time testified to by the witness, as there is no evidence that he did so at any other time. The witness' testimony was clear that the defendant brought a black Thunderbird automobile to him in January of 1970 and had it painted white. It is also apparent that the witness was of the opinion that this was one and the same vehicle that he had purchased from Reed. This could not have been, if it was Mr. Harvey's vehicle, because the latter had not been stolen until approximately seven months later in July, 1970.

To accept Hickman's testimony as supportive of the conviction, it is necessary, first to believe that the defendant had him paint a black Thunderbird white, secondly to disbelieve that he did so in January of 1970 and thirdly, to infer or assume that he did so subsequent to the date of the theft which occurred seven months later. This third step may not be taken without violating the cardinal rule that there must be evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Chambers* v. *State* (1953), 232 Ind. 349, 111 N. E. 2d 816; *Cravens* v. *State* (1971), 257 Ind. 381, 275 N. E. 2d 4; *Turner* v. *State* (1972), 259 Ind. 344, 287 N. E. 2d 339.

If the automobile that Hickman painted for the defendant in January of 1970 was the same automobile as the one he purchased from Reed in September or October of 1970, it was not the stolen vehicle. If the witness Hickman believed and intended to testify that the automobile he painted for the defendant in January of 1970 was the automobile that he purchased from Reed in September or October of 1970, he obviously was in error. If the testimony that the defendant had a black Thunderbird painted white is disregarded, we have, as the only evidence of his guilt, the facts that a certificate of title to an automobile

once belonging to him was found in the stolen vehicle and that he was acquainted with and had previously transacted business with Hickman. This is insufficient from which to infer his guilt. The material facts in issue in a criminal prosecution must be supported by some evidence. It is not sufficient that the evidence merely tends to support them or that it establishes suspicion of guilt. *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874, Reh. Den. 235 N. E. 2d 62; *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6; *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641.

The decision of the Court of Appeals is now vacated. The judgment of the trial court is reversed and a new trial ordered.

DeBruler and Hunter, JJ., concur; Givan, J., dissents with opinion in which Arterburn, C.J., concurs.

#### DISSENTING OPINION

GIVAN, J.—I dissent, the sole item of evidence that prevents the majority affirming this conviction is the discrepancy in the date of the painting of the car and the date of theft. The trier of fact had this matter clearly before it. I see no justification for this Court to reweigh those facts and come to an opposite conclusion. The trier of fact was justified in either believing the witness was mistaken about the date the car was painted or in believing the witness was deliberately trying to confuse the issue as to appellant's guilt.

Arterburn, C.J., concurs.

NOTE.—Reported in 302 N. E. 2d 494.