SIM STEVENSON *v*. STATE OF INDIANA.

[No. 2-174A28. Filed May 14, 1975. Rehearing denied July 14, 1975. Transfer denied September 16, 1975.]

*David F. McNamar, Steers, Klee & Sullivan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert C. Crews,* Assistant Attorney General, for appellee.

WHITE, J.—After a court trial the appellant Stevenson was found guilty of burglary in the first degree and was sentenced under the "minors' statute" to an indeterminate term of one to ten years.

The following month it was brought to the trial court's attention that Stevenson possibly had been previously convicted of a felony and thus was not eligible for sentencing under that statute. An evidentiary hearing was had. The trial court found that Stevenson had been convicted of first degree burglary prior to his conviction in this case and that that offense was a felony. The sentence was vacated, a new indeterminate sentence of ten to twenty years was imposed and a corrected commitment issued.

In this appeal Stevenson attacks his conviction as being unsupported by sufficient evidence. He also contends that the resentencing procedure was invalid for lack of proper notice and that he was not ineligible for sentencing under the minors' statute since his prior conviction for burglary was in the process of appeal and therefore was not a final conviction.

We affirm.

I.

The evidence adduced at the trial shows that a private residence was burglarized in the resident's absence, entry apparently having been gained by the forcible removal of a fixed screen and the opening of a sliding glass window. An investigating police officer, Whitehead, found a hand print on the outside of the window pane, the side of the window normally covered by the screen. The print was subsequently identified as Stevenson's.

Stevenson's argument on the sufficiency of the evidence is directed at a discrepancy in that evidence. The charging affidavit and the resident's testimony state that the burglary occurred on May 11th; Whitehead testified that he obtained

the print from the window on May 10th, and the latent print card (Exhibit A) he dated and prepared at the time is dated May 10th. How, Stevenson argues, can a fingerprint found on May 10th be evidence of a burglary committed on May 11th? And on the basis of *Tom* v. *State* (1973), 261 Ind. 295, 302 N.E.2d 494, Stevenson argues that the testimony of Whitehead must be accepted as true, that the court could not assume that Whitehead had merely confused dates.

*Tom* is not controlling in this case. The defendant in *Tom* was charged with the theft of a black Thunderbird automobile, a car which had been stolen in July, 1970, and found in the possession of another in January, 1971. The possessor (who had been convicted of theft of the same vehicle and given a suspended sentence) testified that in January, 1970, Tom brought a black Thunderbird to his body shop to be painted white. The Supreme Court said:

> "To accept [possessor's] testimony as supportive of the conviction, it is necessary, first to believe that the defendant had him paint a black Thunderbird white, secondly to disbelieve that he did so in January of 1970, and thirdly, to infer or assume that he did so subsequent to the date of the theft which occurred seven months later. This third step may not be taken without violating the cardinal rule that there must be evidence of probative value from which the trier of fact could reasonable infer . . . ."

In *Tom* the only evidence as to when the defendant had the car painted was possessor's testimony. There was no evidence whatsoever from which a different date of painting could be inferred.

Not so in this case. The resident testified that when he returned to his home on the evening of the 11th he discovered that someone had broken through a back window and he called the police. Officer Whitehead testified that he received a radio direction from police headquarters to investigate a burglary, that he proceeded to the residence in question and discovered that an entry had been made through a back window and the premises ransacked, and that at that time and as part of his investigation he discovered

Stevenson's hand print. Clearly there is sufficient evidence from which the trier of fact could reasonably infer that Whitehead had made an error of one day in his testimony and that the print was actually discovered after the burglary on May 11th.

## II.

Stevenson's argument concerning notice of the hearing on resentencing is separated into two parts: insufficient notice to his counsel, and failure to follow statutory procedure.

The record shows that Stevenson was represented at trial by a public defender appointed by the court, that that attorney represented him throughout the trial and the original sentencing, and filed a Motion to Correct Errors on his behalf. The record further shows that on the same day the Motion to Correct Errors was overruled the trial court appointed pauper counsel to represent Stevenson on appeal, and that that attorney filed a praecipe for the record on August 17, 1973.

The following entry was made on September 18, 1973:

"State by Tipton, Defendant Stevenson in person and by [public defender]. Court being advised Defendant was not eligible for sentencing under the Minor Statute. Court sets Hearing on vacation of Commitment of October 5, 1973 at 9:30 A.M."

At 9:30 A.M. on October 5 Stevenson appeared in person and by both the public defender and the pauper appeal counsel. At that time he requested a continuance, which was granted. Later that day the trial court concluded that the time in which it would have jurisdiction to correct the sentence, if correction were necessary, might expire that day.[1] Therefore it scheduled

---

1. The trial court's fear was apparently based on TR. 52(B) of the Rules of Procedure, which provides in pertinent part:
"Upon its own motion at any time before a motion to correct errors is required to be made . . . the court . . . may open the judgment . . . take additional testimony . . . and enter a new judgment. . . ."
At the conclusion of the hearing the court indicated that in amending its judgment it was relying on IC 1971, 33-1-6-3 (Burns Code Ed.), which provides that "courts shall retain power and control over their judgments for a period of 90 days after the rendering thereof. . . ."
We do not decide herein what, if any, time limitation is imposed upon a trial court's power to correct an incorrect sentence.

a 3:30 P.M. hearing at which Stevenson and his pauper appeal counsel appeared. Evidence was heard, argument was had and, at the close of the hearing, the court vacated its previous judgment and entered a new judgment sentencing Stevenson to an indeterminate term of ten to twenty years, the statutory sentence for burglary in the first degree. A corrected commitment was issued.

Stevenson notes that his pauper appeal counsel was not notified of the resentencing hearing until October 4, 1973, the day before the scheduled date of that hearing, and argues that he, Stevenson, was thereby deprived of his constitutional right to be represented by a lawyer who has had adequate time and opportunity to prepare his defense.

We agree that a defendant has the right to be represented by counsel, and that representation by counsel who has not had opportunity to prepare is not true representation. However, we do not see the applicability of that principle to this case. The record does not show that the public defender had withdrawn his representation. Instead, it affirmatively shows that the public defender appeared in court with Stevenson on September 18, was advised in open court that a hearing was to be held 17 days later, and appeared in court on the scheduled date of that hearing. Thus both Stevenson and one of his attorneys had ample and adequate notice.

Of equal importance is the fact that there is no showing that Stevenson was harmed by the alleged insufficient notice. At the hearing there was little or no factual dispute, and his counsel presented all relevant legal arguments.

Stevenson also argues that the motion to correct the sentence and the notice of the hearing do not comply with the requirements of IC 1971, 35-4.1-4-17, Ind. Ann. Stat. § 9-1827a (Burns 1974 Supp.), which provides:

"CORRECTION OF AN ERRONEOUS SENTENCE. If a convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted

person. The convicted person and his counsel must be present when the corrected sentence is ordered. The motion to correct sentence shall be in writing and shall be supported by a memorandum of law specifically pointing out the defects in the original sentence."

The above statute and its requirements were not called to the attention of the trial court either at the hearing or in the Motion to Correct Errors, and any error that might be based thereon is therefore waived. *Bennett* v. *State* (1973), 159 Ind. App. 59, 304 N.E.2d 827, and cases cited therein. Furthermore, there is no showing of harm or that failure to follow the statute is, in this context, fundamental error, i.e., " 'error so prejudicial to the rights of [Stevenson] that he had been denied a fair [hearing].' " *Bennett, supra,* quoting *Grier* v. *State* (1968), 251 Ind. 214, 216, 240 N.E.2d 494, 496.

## III.

Stevenson's third argument is that since his previous conviction for burglary was in the process of being appealed at the time of his sentencing he had "not theretofore been convicted of a felony" and therefore was eligible for sentencing under the "minors' statute."[2] We need not answer the question thus presented because the record affirmatively shows that he had previously been convicted of another felony, namely, possession of a dangerous drug.[3]

Stevenson, at the hearing, did not deny the drug conviction[4] but argued that since he had been sentenced only to the State Farm and only for a period of 120 days it was not a felony conviction. That argument, repeated in his reply brief in this court, is based on IC 1971, 35-1-1-1, Ind. Ann. Stat. § 9-101

---

2. IC 1971, 35-8-3-1, Ind. Ann. Stat. § 9-1815 (Burns 1956 Repl.) provides in pertinent part:
"Whenever any person under the full age of twenty-one (21) years who has not theretofore been convicted of a felony, shall have been convicted of any crime the punishment for which is imprisonment in the Indiana Reformatory or the Indiana Women's Prison, such person may be sentenced. . . ."
3. IC 1971, 16-6-8 (Burns Code Ed.)
4. At his trial Stevenson testified that he had been charged with that offense and had pleaded guilty.

(Burns 1956 Repl.) which defines a felony as an offense which "may be punished with death or imprisonment in the state prison."

The penalty section of the Dangerous Drug Act, IC 1971, 16-6-8-10 (Burns Code Ed.), provides the alternative penalties of imprisonment for one to ten years in the State Prison or of imprisonment not exceeding one year in the county jail or State Farm. Offenses that have imprisonment in the State Prison as one of two alternative punishments are felonies no matter which punishment is exacted. *Paneitz* v. *State* (1965), 246 Ind. 418, 204 N.E.2d 350; *In re Sobieski* (1965), 246 Ind. 222, 204 N.E.2d 353.

Stevenson argues, however, that the trial court specifically found that the drug conviction was unproven and thus that alleged conviction cannot be the basis for his resentencing. His contention is based on a somewhat ambiguous statement made by the trial court at the conclusion of the hearing. A careful reading of the court's statement in context shows that the court found the conviction proven but, due to the sentence imposed, the court felt that it was not proven that the offense was a felony. As noted above, that offense, as a matter of law, is a felony.

The judgment is affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 327 N.E.2d 621.