HAROLD R. ROSELL *v.* STATE OF INDIANA.

[No. 1275S376. Filed August 19, 1976.]

*Patrick Brennan and Associates, Larry L. Ambler,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

PRENTICE, J.—The defendant (appellant), in a trial to the jury, was convicted of Delivery of a Controlled Substance[1] and was sentenced to imprisonment for a period of twenty years, and a fine of $500. The sole issue presented by his appeal to this Court is the sufficiency of the evidence to support his conviction.

The defendant premises his argument against the sufficiency of the evidence upon the ground that a State's witness, Leroy Davis, while under a grant of immunity, confessed that

---

1. Specifically, thirty tablets of Lysergic Acid Diethylamide (L.S.D.) In relevant part, Ind. Code 35-24.1-4-1 provides that: * * * it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to: (i) a controlled substance classified in schedules I or II which is a narcotic drug * * * (ii) any other controlled substance classified in schedules I, II, or any controlled substance classified in schedule III, is guilty of a felony and upon conviction shall be imprisoned in the state prison for any determinate period of not less than five [5] years nor more than twenty [20] years, and may be fined not more than two thousand dollars [$2,000]. [Burns Ann. Stat. 10-3561, IC 1971, as added by Acts 1973, P.L. 335, § 1, p. 1834 was repealed by Acts 1975, P.L. 338, § 4. For present law see 35-24.1-4.1-1].

he, rather than the defendant, made the delivery of the controlled substance.

"When the sufficiency of the evidence is raised as an issue upon appeal, this Court will consider only that evidence of probative value most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. If such evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed." *Baum* v. *State*, (1976) 264 Ind. 421, 345 N.E.2d 831 at 834, 835, and cases there cited.

As this Court has repeatedly emphasized, it will not on appeal judge the weight of the evidence or the credibility of the witnesses. *Lottie* v. *State*, (1974) 262 Ind. 124, 311 N.E. 2d 800; *Brown* v. *State*, (1974) 261 Ind. 619, 308 N.E.2d 699; *Turner* v. *State*, (1972) 259 Ind. 344, 287 N.E.2d 339; *Gibson* v. *State*, (1971) 257 Ind. 23, 271 N.E.2d 706; *Fuller* v. *State*, (1971) 256 Ind. 681, 271 N.E.2d 720.

As urged by the defendant, every conviction must be supported by evidence upon each material element of the crime charged, and that evidence must support the essential conclusions beyond a reasonable doubt. *Lottie* v. *State, supra; Tom* v. *State*, (1973) 261 Ind. 295, 302 N.E.2d 494; *Spears* v. *State*, (1970) 253 Ind. 370, 254 N.E.2d 203; *Vuncannon* v. *State*, (1970) 254 Ind. 206, 258 N.E.2d 639; *Easton* v. *State*, (1967) 248 Ind. 338, 228 N.E.2d 6; *Baker* v. *State*, (1956) 236 Ind. 55, 138 N.E.2d 641. If a reasonable man could not have drawn those essential conclusions from the evidence presented, then the evidence is insufficient, as a matter of law. *Lottie* v. *State, supra; Vuncannon* v. *State, supra; Easton* v. *State, supra; Baker* v. *State, supra.*

The defendant's argument of insufficiency, we presume, was properly and logically addressed to the jury. It is misplaced here. The State's evidence also disclosed that two police agents purchased and took delivery of the contraband from the defendant. The case is a classic example of conflicting evidence which must be settled by the trier of fact and its conclusion accepted by this Court. That there were

conflicts in the testimony of the State's witnesses which materially weakened its case does not alter the rules above set forth. Apparently the jury disbelieved State's witness, Davis, when he testified that it was he and not the defendant who committed the crime. The verdict is one upon which reasonable minds might well differ. As such, it cannot be disturbed as unsupported by the evidence, and the judgment of the trial court is, therefore, affirmed.

Givan, C.J. and Arterburn, DeBruler and Hunter, JJ., concur.

NOTE.—Reported at 352 N.E.2d 750.