DONALD E. HLOUSEK *v.* STATE OF INDIANA.

[No. 470S95.  Filed May 21, 1971.]

*Frederick T. Work, Work & Kimbrough,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged with the crime of robbery. Trial before the court resulted in a finding of guilty as charged. Appellant was sentenced to the Indiana State Reformatory for a term of not less than ten nor more than twenty-five years.

The record discloses the following facts:

On April 6, 1968, at approximately 1:00 P.M., a man wearing a stocking mask accompanied by a companion entered a jewelry store in Crown Point, Indiana. The masked man took the owner, Mrs. Stroup, into the back room and taped her eyes, mouth and hands. His companion took an employee and a customer into the back room. The men then took various items of jewelry from the store. A witness, who was outside the store at the time, saw a third man enter the store carrying a brief case. About a minute after the third man entered the store all three men came out and ran down an alley. The three men were seen entering a blue Cougar automobile which was less than 200 feet from the scene of the robbery. The witness observed that the automobile had an Illinois license plate containing the first two letters HL.

Highland police officer Augustine testified that he received a dispatch at approximately 1:30 P.M. advising him of the robbery of the jewelry store and describing the vehicle as a late model blue Cougar with Illinois license plates containing the first two letters HL. Upon receiving the dispatch he proceeded to Route 41 where he observed a vehicle approaching matching the description which he had received on the dispatch. Officer Augustine stopped the vehicle. There were two occupants, one O'Rourke and the appellant, Hlousek. Upon stopping the car the officer noticed a blackjack and a dirk in the automobile. At that point he ordered the occupants out of the automobile and placed them under arrest. A search

of the vehicle resulted in the finding of a blue tanker jacket, an empty adhesive tape role and one which was partially used.

The appellant argues that the trial court erred in admitting physical evidence obtained in the search of the automobile. The only object admitted in evidence which was taken from the automobile was the jacket. There was no objection made when the exhibit was offered. Thus appellant has not preserved this question. *William* v. *State* (1969), 253 Ind. 316, 253 N. E. 2d 242, 19 Ind. Dec. 623.

The appellant also alleges the trial court erred in permitting the witnesses to describe the adhesive tape rolls taken from the vehicle, first, because he claims they were the fruits of an illegal search, and secondly, that the police officers had lost the exhibits and could not produce them in court. With regard to the legality of the search and seizure we can only conclude that the search was legal. The officer had probable cause to believe the vehicle which he had stopped had just been involved in a robbery. He was, therefore, justified in arresting the occupants and searching the vehicle. *Paxton* v. *State* (1970), 255 Ind. 264, 263 N. E. 2d 636, 23 Ind. Dec. 483; *Chambers* v. *Maroney* (1970), 399 U. S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975.

The defendant never objected to the testimony of the arresting officer concerning the lost rolls of adhesive tape, thus he didn't present the question to the trial court.

The above facts are sufficient to support the findings of the trial court.

We find no merit in the contentions of the appellant in this appeal.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 387.