STERLING JAMES; STEPHEN JOHNSON *v.* STATE OF INDIANA.

[No. 571S137. Filed April 26, 1972.]

*Julian B. Allen,* of Gary, for appellant James; *F. Laurence Anderson, Jr.,* of Gary, for appellant Johnson.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellants were charged with the crime of robbery. Trial resulted in a conviction as charged. Appellants were each sentenced for terms of ten to twenty years.

The record in this case discloses the following facts:

At approximately 1:30 A. M., August 25, 1969, a filling station in Portage, Indiana, was robbed. The attendant, Joseph Michael Pauley, told investigating police officers that he had been robbed by two men, who were negro; that one wore light clothing and the other wore dark clothing; that one of the men had a goatee; that they left the filling station in a white Chevrolet, either a 1962 or a 1963. This information was immediately relayed to the Portage Police Station. Gary Police Officer Szczerbik received this communication while on patrol in the Gary area, some seven to eight miles distant from the robbery. Shortly after he received the radio communication Officer Szczerbik observed a Chevrolet automobile fitting the description on the street in Gary. He observed the automobile contained two negro men, one dressed in light clothing, the other one in dark clothing, and that one had a goatee. As the

officer followed the automobile, it stopped at an intersection and the Appellant Johnson got out of the car and approached Officer Szczerbik and asked directions to Chicago.. The officer immediately placed Johnson under arrest and searched him. While doing this he observed the Appellant James reach under the seat of the car. Officer Szczerbik ordered James out of the car and searched him.

Meanwhile Gary Police Officer Thompson arrived on the scene and held the appellants at gunpoint while Officer Szczerbik searched the automobile for weapons. He found a .38 caliber revolver under the driver's seat and an automatic pistol under the passenger's side of the front seat. While the arrest and search were in progress Officer Ballard of the Portage Police Department had been notified of the arrest and had picked up Joseph Michael Pauley, the filling station attendant, and brought him directly to the scene of the arrest for the purpose of making identification of the appellants. Pauley identified the appellants as the men who had robbed him a few minutes earlier.

Following this identification Officer Ballard, who was from Portage in Porter County where the robbery had taken place, placed the appellants under arrest for armed robbery, and the police officers from Gary, which is located in Lake County, volunteered to transport the appellants to the Portage Police Station.

After first being advised of their constitutional rights, at 11:30 A.M. on the day he was arrested, Appellant Johnson signed a written confession as to his participation in the robbery, and at 12:15 P.M. on the same day as his arrest, the Appellant James signed a written confession.

The appellants first claim the trial court erred in overruling their motion to quash the affidavit. It is their claim that the affidavit for the issuance of an arrest warrant merely states conclusions of the affiant and is insufficient to establish probable cause, citing the case of *Kinnaird* v.

*State* (1968), 251 Ind. 506, 242 N. E. 2d 500, 16 Ind. Dec. 250. However, the case at bar does not come within the factual framework of the *Kinnaird* case. In the case at bar the appellants were arrested in a valid "on sight arrest" without a warrant by a police officer with probable cause to make such arrest. Therefore, the *Kinnaird* decision does not govern. *State ex rel. French* v. *Hendricks Superior Court* (1969), 252 Ind. 213, 247 N. E. 2d 519, 17 Ind. Dec. 554; *Rector* v. *State* (1971), 256 Ind. 634, 271 N. E. 2d 452, 26 Ind. Dec. 335.

We, therefore, hold the appellants were being held pursuant to a valid arrest and, therefore, the trial court did not err in overruling appellants' motion.

Appellants next claim they were denied their constitutional rights in that they were arrested by officers who did not view the commission of a misdemeanor nor did they have probable cause to believe the appellants had committed a felony at the time of the arrest. With this we cannot agree. The facts as above recited clearly demonstrate the arresting officer had probable cause to believe the appellants had committed the robbery which had just been described to him on a police radio.

We, therefore, hold the arrest of the appellants and the search of their person and the automobile were lawful. *Patterson* v. *State* (1970), 253 Ind. 499, 255 N. E. 2d 520, 20 Ind. Dec. 290; *Hlousek* v. *State* (1971), 256 Ind. 450, 269 N. E. 2d 387, 25 Ind. Dec. 536.

Appellants next claim they were denied their constitutional rights in that they were not taken before a magistrate within twenty-four hours of their arrest in violation of Burns Ind. Stat., 1963 Repl., § 48-6112. They were arrested at approximately 2:00 A.M. on Monday and were not taken before a magistrate until Wednesday. However, appellants make no claim or observation that the failure of the police to take them before a magistrate within twenty-four hours in any way amounted to duress which contributed to the obtaining of

any evidence against them. The confessions which they signed were made long before the expiration of the twenty-four hour period provided by the statute. Appellants rely upon the case of *McNabb* v. *United States* (1943), 318 U. S. 332, 63 S. Ct. 608, 87 L. Ed. 819. This Court has previously held in *Pearman* v. *State* (1954), 233 Ind. 111, 117 N. E. 2d 362, that the ruling in *McNabb* applies only to the federal procedural statutes governing federal courts, and in so holding stated at page 117:

> "We have never held the Indiana statutes requiring that an arrested accused be brought promptly into open court, require a confession to be excluded, if it is not obtained in violation of constitutional rights.

> "Nor do we find that he was denied representation by counsel. He made his confession less than 24 hours after his arrest, the sheriff never denied him the use of the telephone nor said he could not have a lawyer. His wife and relatives were permitted to see him during the usual visiting hours. He had competent counsel at the time of his plea of not guilty and at the time of trial."

There is nothing in the record in the case at bar to indicate that the holding of the appellants beyond the twenty-four hour period in any way contributed to a violation of their constitutional rights.

Appellants next claim the trial court erred in refusing to suppress evidence because the arrest and incarceration of the appellants was accomplished without regard to Burns Ind. Stat., 1956 Repl., § 9-401. This statute provides a procedure for the removal of a fugitive found in one county of this state who has committed a crime in another county. Provision is made for the issuance of a warrant for his arrest in the county where he is found upon a probable cause hearing in that county. This statute does not purport to be the exclusive means of procuring prisoners from one county to another in this state. See *Burns Ind. Stat., 1956 Repl., § 9-701.* See also *Burns Ind. Stat., 1956 Repl., § 9-1001.*

In each instance peace officers are specifically authorized to arrest the accused in any county under the authority of a warrant issued in a county where the crime has been committed. In the instant case no warrant had been issued prior to the initial arrest of the appellants. As above pointed out a police officer in Lake County arrested the appellants pursuant to police radio communication shortly after the commission of the robbery. We hold under the circumstances that Burns Ind. Stat., 1956 Repl., § 9-401 has no application in the case at bar. Therefore, the trial court did not err in refusing to suppress evidence which was allegedly acquired in violation of such statute.

Appellants next claim the trial court erred in admitting State's Exhibits 9 and 10, the same being the written confessions made by the appellants. There is a conflict in the evidence as to the voluntary nature of these statements. Police officers testified that appellants were both fully advised of their constitutional rights prior to the making of these confessions and that no duress was used. The Appellant Stephen Johnson testified that he was threatened with a gun in order to induce him to confess. This is categorically denied by the police officers. We have repeatedly stated that we will not weigh conflicting evidence. *Smith* v. *State* (1969), 252 Ind. 425, 249 N. E. 2d 493, 18 Ind. Dec. 189. We find ample evidence in this record to support the decision of the trial court that the confessions were voluntarily given and were thus properly admitted into evidence.

Appellants next claim the trial court erred in admitting State's Exhibits 20 and 21 into evidence. These exhibits were statements given by the appellants to a Michigan State Police Officer. This evidence was offered by the state to rebut the appellants' alibi of being in Chicago at a specified time, whereas the confessions were evidence that they were in fact in Michigan during part of the time in question. Here again the evidence is conflicting as to whether or not these statements were voluntarily given. As above pointed out we will not

weigh this conflicting evidence. We hold the exhibits were properly admitted into evidence.

Appellants next claim the trial court erred in refusing to suppress evidence for the reason that no probable cause hearing was held prior to the filing of the affidavit as required by Burns. Ind. Stat., 1963 Repl., § 48-6112. For the reasons previously stated in this opinion the question of probable cause for the filing of the affidavit against the appellants is not an issue in this case. See *Rector* v. *State, supra.*

Appellants next claim the trial court erred in overruling their motion to exclude testimony of witnesses who had violated the court's order of separation of witnesses. Appellants' main contention in this regard is that police officers who were to testify in the case had lunch together prior to their testimony. None of the officers had yet testified nor is there any contention that they in fact discussed the testimony which they were to give in the case. This matter was brought to the attention of the trial court. It was within the court's sound discretion to permit the testimony of these officers. *Perry* v. *Goss* (1970), 253 Ind. 603, 255 N. E. 2d 923, 20 Ind. Dec. 433.

Appellants next claim the trial court erred in overruling their motion for a mistrial for the reason that two jurors were overheard discussing the case between themselves and with the Sheriff of Porter County. Here again the trial court had a hearing to determine the nature of the conversation between the jurors. At that hearing it was disclosed that the jurors had gone to the sheriff's office to obtain signed slips from the sheriff to present to their employers verifying that they were on jury duty and entitled to differential pay. The jurors involved specifically stated at the hearing that they did not discuss the case. We, therefore, hold the trial judge did not abuse his discretion in refusing to grant a mistrial.

Appellants next contend the trial court erred in admitting State's Exhibits 11 and 12 into evidence. These exhibits were

fingerprint cards of the appellants taken by the Portage Police Department. It is appellants' contention that these cards were prejudicial to them in that they associated them with crime in the minds of the jury. The question of fingerprints of the appellants was injected by their counsel on cross-examination wherein he implied that the police officers were negligent in not fingerprinting the appellants promptly. The fingerprint cards were introduced by the state to rebut this implication injected by counsel for the appellants. We hold the trial court did not err in permiting State's Exhibits 11 and 12 in evidence.

The trial court is in all things affirmed.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 469.