**LeRoy F. DAVIS, Jr.,
Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 3–179A11.**

Court of Appeals of Indiana,
Fourth District.

Jan. 3, 1980.

Joseph D. Bradley, South Bend, for appellant-defendant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

MILLER, Presiding Judge.

Defendant-appellant, LeRoy F. Davis, Jr. appeals his conviction for burglary, a class C felony, following a trial to the court.

Davis presents three issues for review:

1. Did the trial court err in failing to exclude testimony of Officers Steb-

bins and Lawson on the basis of their admitted violation of the court's order to separate witnesses?

2. Was the evidence sufficient for the court to conclude Davis entered the building and had felonious intent?

3. Did the trial court err in determining it lacked ·jurisdiction to consider the suspension of Davis's sentence of imprisonment because of a prior felony conviction?

We affirm.

Late in the evening of January 25, 1978 Glenn Cook, an employee of Duramold Casting Inc. (Duramold), Mishawaka, Indiana, checked all the doors and windows of Duramold's building and found them to be secure. He also saw that no drawers were open in either room of the office area. He left the premises shortly after midnight. At approximately one o'clock in the morning of January 26, 1978, police, in response to the burglary alarm, were sent to Duramold. At ˙this time approximately five inches of snow had fallen and it was windy and still snowing. Officer Stebbins, standing in an unlighted parking lot twenty feet away from the building and looking through a window approximately three feet by four feet into the lighted office area, observed two male subjects. Stebbins radioed their description as two male subjects with long hair wearing green Army fatigue jackets. Seeing the Officer, the two subjects jumped and ran from the office into the plant area. Stebbins notified Officer Lawson that the subjects were running south inside the building. Lawson saw one of the subjects, not Davis, running from the building and chased him to a field where Lawson also saw Davis running. Both the first subject and Davis ran south through the woods. Lawson followed the tracks made by the subjects to a place where Officer Bobson had apprehended them. Each of them had long hair and was wearing an Army fatigue jacket.

In the early morning hours of January 26, 1978, Alex Juroff, general manager of Duramold, having been called by the security service, returned to Duramold and unlocked the building. Upon entering the office area he found two open desk drawers. He then stepped into the center office where he found one of the file cabinet drawers open. Officer Bobson testified that he found a metal cabinet, not a file cabinet, with its doors open. The drawers and cabinets had been closed when the building was locked for the evening. Nothing was missing from either the cabinets or the drawers.

## I.

Davis claims the trial court erred in failing to exclude testimony of Officers Lawson and Stebbins because they violated the court's separation of witnesses order. Immediately before the State called its first witness and without calling a recess, the court granted Davis's motion for separation of witnesses. The prosecutor failed to notify the State's witnesses of the court's order. Officers Stebbins and Lawson, having no knowledge of the order, did discuss the case in the coffee shop located in the courthouse. The judge allowed them to testify about some of the matters which they had discussed. Although it is unclear from the record exactly when this conversation took place in relation to the trial, it is clear that it did occur before either of the Officers had testified. The principal reason for separation of witnesses is to keep later witnesses from hearing the testimony and questioning of earlier witnesses. *Dixon v. State* (1976), 264 Ind. 651, 348 N.E.2d 401. Further, in the absence of "procurement or connivancy" it is within the discretion of the trial court whether to allow the testimony of a witness who violates the order. *McCoy v. State* (1960), 241 Ind. 104, 170 N.E.2d 43. *Rinard v. State* (1976), 265 Ind. 56, 351 N.E.2d 20. *Sleck v. State* (1977), Ind.App., 369 N.E.2d 963. Finally, the ruling of the trial court will not be disturbed unless there is a manifest abuse of discretion. *Dudley v. State* (1970), 255 Ind. 176, 263 N.E.2d 161. Under the facts herein we do not believe the prosecutor's failure to inform amounted to the type of positive act contemplated by our Supreme Court when it used the words "procurement and conni-

vancy." Davis cites *James v. State*, (1972) 258 Ind. 392, 281 N.E.2d 469, and persuasively argues that this Court should find it was a manifest abuse of discretion for the trial court to allow Stebbins and Lawson to testify after they had discussed the case before testifying. In *James*, three police officers had lunch together prior to testifying but did not discuss the testimony which they were to give. The trial court was aware of the violation. Our Supreme Court said permitting the testimony was within the sound discretion of the trial court. Keeping in mind the purpose of separation of witnesses and our standard of review, we cannot say it was error for the judge to admit the testimony in this case when none of the officers had testified. We also note this trial was to the court and the judge was aware of the violation and specifically said the violation would go to the weight of the testimony. Further, upon entering judgment, the judge said he did not believe Stebbins' claim that he recognized Davis when he looked in the window. Therefore, we cannot see how Davis was harmed. *Sleck v. State, supra.*

## II.

Davis next claims the evidence was insufficient to show Davis was in the building and had felonious intent.

When the sufficiency of the evidence is questioned on appeal, this Court will neither weigh the evidence nor judge the credibility of witnesses. We only consider if there is substantial evidence of probative value together with reasonable and logical inferences from which the court could have found the defendant guilty beyond a reasonable doubt. *Cummings v. State*, (1979) Ind., 384 N.E.2d 605; *Barnes v. State*, (1978) Ind., 378 N.E.2d 839; *Jones v. State*, (1978) Ind., 377 N.E.2d 1349. In exercising our appellate function, it is unnecessary to find circumstantial evidence "is adequate to overcome every reasonable hypothesis of innocence but only whether an inference may reasonably be drawn therefrom tending to support the findings of the trial court" (citations omitted).

*Jones v. State, supra* at 1351; *Cummings v. State, supra.*

The "intent to commit a felony" element of burglary can be inferred from the time, force and manner of entry if there is no evidence that the entry was made with some lawful intent. *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841; *Sleck v. State, supra. See Carter v. State*, (1976) 265 Ind. 535, 356 N.E.2d 220. A person may be convicted of burglary if he breaks and enters with the intent to commit a felony even though he does not actually commit a theft or any other felony. *Elmore v. State* (1978), Ind., 382 N.E.2d 893.

The facts most favorable to the State indicate Davis and his companion broke into Duramold's building which was locked and secured before their entry. Stebbins observed two males with long hair and fatigue jackets inside the office area of the building. They ran upon seeing Stebbins. Drawers and cabinets, which had been previously closed, were opened by Davis and his companion. The entry into Duramold was effected by opening a closed window at approximately one o'clock in the morning while a blizzard, which had already deposited five inches of snow on the ground, was in progress. None of Duramold's employees were present in the building. Although it appeared only Davis's confederate escaped from the same window that they entered, (only one set of tracks led from this window), the evidence did not preclude the reasonable inference of Davis's escape from another part of the building. Officer Lawson chased Davis's companion and saw his tracks meet those of Davis. At that time, he saw Davis running. He followed the tracks made by Davis and his companion until he reached the place where Officer Bobson had apprehended them. There were no other people in the area and both subjects had long hair and were wearing fatigue jackets.

The evidence was sufficient for the trial court to have concluded Davis entered Duramold with the intent to commit a felony therein.

### III.

Finally, Davis claims the trial court erred in determining it lacked jurisdiction to consider the suspension of Davis's sentence. The penalty for burglary, a Class C felony, is found in Ind.Code 35–50–2–6 which provides:

Sec. 6. A person who commits a Class C felony shall be imprisoned for a fixed term of five (5) years, with not more than three (3) years added for aggravating circumstances or not more than three (3) years subtracted for mitigating circumstances; in addition, he may be fined not more than ten thousand dollars ($10,-000.00).

Davis was sentenced to three years imprisonment and fined $100.00 and costs.

▮▮▮ Although the presentence report is not in the record, the court did examine same before sentencing Davis. The report disclosed Davis had been convicted of two prior crimes, possession of marijuana and theft, which were felonies although they carried alternative misdemeanor penalties.[1] In his sentencing memorandum, the judge stated that the mitigating circumstances were adequate for him to reduce the five year sentence to three years. He specifically stated the mitigating circumstances were "insufficient to reduce the sentence to the statutory minimum of two years." He also stated suspension of sentence and probation were "beyond the jurisdiction of the Court" pursuant to Ind.Code 35–50–2–2(a) because of Davis's prior felony convictions.

Ind.Code 35–50–2–2(a) provides:

The court may suspend any part of a sentence for a felony unless:

(1) the person has a prior unrelated felony conviction; . . .

Although he alleges he was sentenced as a misdemeanant on each prior conviction, Davis acknowledges they were felonies since they carried possible sentences of imprisonment in the State prison. *Stevenson v.*

State, (1975) 164 Ind.App. 199, 327 N.E.2d 621. On appeal, Davis only argues that the judge, in not considering suspension in the instant case, was retroactively increasing the punishment for the prior crimes and therefore violated the *Ind.Const.*, Art. 1, § 18, which provides "[t]he penal code shall be founded on principles of reformation, and not of vindictive justice." Davis cites no authority for his contention and we find none. In *State v. Palmer,* (1979) Ind., 386 N.E.2d 946, our Supreme Court stated:

The legislature has the authority to provide which acts shall be crimes in our society and to provide penalties therefor. It is, therefore, within their jurisdiction to provide for the length of sentences for offenses and to regulate the power of courts to grant or deny probation as they see fit. We have accordingly found that the granting of probation is a privilege governed exclusively by statute and one which confers no right upon any defendant. For example:

'The granting of probation to a defendant, who is found guilty of a crime is wholly discretionary power of the trial court. . . . Probation is purely a favor granted by the trial judge and there is no right to probation.'

*Farmer v. State,* (1971) 257 Ind. 511, 515, 275 N.E.2d 783, 785–86. *See also, Hoffa v. State,* (1977) Ind., 368 N.E.2d 250. Insofar as Ind.Code § 35–7–1–1 (Burns 1975) restricts courts' discretion in suspending sentences for certain offenses, it is constitutional. *Cf. Bradley v. United States,* (1973) 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528; *United States v. Del Toro,* (5th Cir. 1970) 426 F.2d 181, *cert. denied,* 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 60; *Sperling v. Willingham,* (7th Cir. 1965) 353 F.2d 6, *cert. denied,* 384 U.S. 962, 86 S.Ct. 1591, 16 L.Ed.2d 675.

Further recidivist statutes and other enhanced sentence laws have been sustained against contentions they

---

1. We note Davis acknowledged on appeal both in oral argument and in his brief that he had been convicted of the two prior felonies. However, at a sentencing hearing, in the absence of a stipulation by a defendant of his prior felony, we consider it encumbent upon the prosecutor to present for the record proof of the prior conviction before a defendant can be precluded from consideration for probation under Ind. Code 35–50–2–2(a).

violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection and privileges and immunities (Citations omitted). *Spencer v. Texas* (1967), 385 U.S. 554, 560, 87 S.Ct. 648, 651, 17 L.Ed.2d 606.

Based on the foregoing we find Ind.Code 35–50–2–2(a) does not violate the Indiana Constitution and the trial court correctly imposed an executed sentence.

CHIPMAN and YOUNG, JJ., concur.