**James W. GRIMES, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1179S322.

Supreme Court of Indiana.

Nov. 13, 1980.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Cindy A. Ellis, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was charged by information with Count I, Armed Robbery, Ind.Code § 35–42–5–1 (Burns 1979) and Count II, Habitual Offender, Ind.Code § 35–50–2–8 (Burns 1979). After trial by jury he was convicted. The trial court sentenced him to fifteen (15) years imprisonment on Count I and thirty (30) years imprisonment on Count II, sentences to run consecutively. This direct appeal presents the following issues:

(1) Whether or not the evidence is sufficient to support the conviction.

(2) Whether or not the comments of the trial court to expedite the trial prejudiced the defendant and denied him a fair trial.

(3) Whether or not the trial court erred in admitting into evidence over objection a shotgun taken by police from the car the defendant was driving.

(4) Whether the conviction of habitual offender was improper and unconstitutional.

At approximately 4:00 a. m. on July 19, 1978, two black males drove into an automobile oil service station on Pendleton Pike in Marion County, robbed the attendant at gunpoint and drove away.

\*　　\*　　\*　　\*　　\*　　\*

## ISSUE I

■ Defendant contends that the evidence identifying him as one of the robbers was insufficient. He acknowledges the standard of appellate review utilized by this Court when called upon to determine whether or not the evidence was sufficient to sustain the verdict. Having done so, however, he proceeds to a recitation of the incriminating testimony, which he contends is unreliable, and to citations to rules for the guidance of the trier of facts in resolving doubts. The victim of the crime identified the defendant, both immediately after his apprehension a few minutes after the criminal occurrence and again at trial. This was sufficient, and, on appellate review, it is immaterial that the victim, on deposition, had been equivocal in identifying him. Such matter was considered and resolved by the jury.

■ A witness' uncertainty at pretrial identification proceedings does not render his unequivocal identification at trial inherently unbelievable or improbable. It is one factor for the jury to consider in assessing the witness' credibility. *Haybron v. State*, (1979) Ind., 396 N.E.2d 891, 892–93. *See Williams v. State*, (1978) 267 Ind. 700, 701, 373 N.E.2d 142, 143.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed." (Citation omitted). "In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (Citation omitted). *Loyd v. State*, (1980) Ind., 398 N.E.2d 1260 at 1264.

## ISSUE II

■ The defendant contends that the trial court made constant comments on the evidence and unduly limited his cross–examination of State's witnesses, which conduct by the Judge was improper and prejudiced his defense before the jury. He has not, however, cited us to any portion of the record reflecting any such judicial impropriety. It is the responsibility of the defendant to support his contention of errors with appropriate citations, both to the record and to legal authorities. Without such assistance, we cannot determine the merits of his claim. *Whitten v. State*, (1975) 263 Ind. 407, 413–14, 333 N.E.2d 86, 90. See *Hill v. State*, (1977) 267 Ind. 411, 414, 370 N.E.2d 889, 891. *See also Davis v. State*, (1976) 265 Ind. 476, 478, 355 N.E.2d 836, 838.

## ISSUE III

■ Over a pretrial suppression motion and timely in–trial objection, the trial court admitted into evidence the twelve gauge single barrel shotgun and an empty shell that had been removed from it. The gun

had been seen by Officer Wood in plain view on the back floorboard of the defendant's automobile at the time he and Officer Snow stopped the defendant for questioning. Defendant contends that the police illegally searched his car and seized the gun and shell without probable cause.

Officer Snow testified that he stopped the automobile because it and the occupants matched the description that had been dispatched by police radio relevant to the robbery. He did not arrest the defendant at that time, however. Rather, the defendant returned to the scene of the robbery voluntarily at the officer's request. And, at the officer's suggestion, he voluntarily relinquished possession of the gun for the trip to the scene. The arrest was made immediately after arriving at the service station, at which time the victim identified the defendant as one of the men who had robbed him.

At the time Officer Snow stopped the automobile, he knew that the robbery suspects were two Negro males, one 15–16 years old, and the other, 35–40 years old. The suspects in the car were two Negro males, matching this description.

Officer Snow knew that the automobile used in the robbery was a 1968 or 1969 green Chevrolet Impala. The car he stopped, shortly after 4:00 a. m. and only moments after the robbery, matched this description.

From the information known to him, Officer Snow had probable cause to arrest the defendant for the service station robbery at the time he stopped the car. *Luckett v. State*, (1972) 259 Ind. 174, 284 N.E.2d 738; *James v. State*, (1972) 258 Ind. 392, 281 N.E.2d 469; *Hlousek v. State*, (1971) 256 Ind. 450, 269 N.E.2d 387; *Zarnik v. State*, (1977) Ind.App., 361 N.E.2d 202, 205–06. *See Chambers v. Maroney*, (1970) 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419, 428–29. The seizure of the gun would have been a lawful seizure incident to the arrest. *Chimel v. California*, (1969) 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694; *Grzesiowski v. State*, (1976) 168 Ind.App. 318, 327, 343 N.E.2d 305, 311. It is of no

consequence that Officer Snow may not have known that he had probable cause to arrest at the time he stopped the suspects. If probable cause to arrest exists in fact, a seizure of evidence will be upheld. *Hatcher v. State*, (1980) Ind., 410 N.E.2d 1187; *Jenkins v. State*, (1977) Ind.App., 361 N.E.2d 164, 167.

The trial court committed no error in admitting the shotgun and shell into evidence.

## ISSUE IV

The defendant contends that his conviction as an habitual offender was improper and unconstitutional. His presentation and argument upon this issue is almost identical to that we reviewed and rejected in *Shepler v. State*, (1980) Ind., 412 N.E.2d 62.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.