**Ronnie Arthur KILLION, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 382S99.

Supreme Court of Indiana.

June 27, 1984.

Douglas C. Leatherbury, Salem, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Attempted Robbery, a class A felony, Ind.Code §§ 35-41-5-1 and 35-42-5-1 (Burns 1979), and was sentenced to thirty (30) years imprisonment. The four (4) issues assigned in this direct appeal have been consolidated into two (2) issues for our review, as follows:

(1) Whether the trial court erred in admitting into evidence the victim's in court identification of the Defendant as the perpetrator of the crime;

(2) Whether the trial court erred in admitting into evidence a statement made by the Defendant to the police.

The record disclosed that on the evening of February 15, 1981, the electricity at the home of Mrs. Evelyn Hirshman suddenly went off. Subsequently, the door bell rang, and Mrs. Hirshman, with a flashlight in hand, answered the door. A man stated that his name was Killion, that he had seen her lights go out, and that he would fix the problem for her. Mrs. Hirshman asked the individual to go to the back door, and subsequently he followed her into her residence and hit her on the back of the head. He told her that he would kill her if she did not give him money. After Mrs. Hirshman told her assailant that she had no money, he hit her several times across the face with a stick of wood. As she defended herself, Mrs. Hirshman hit the assailant with her flashlight, and he fell down some steps and then left. Mrs. Hirshman attempted to telephone the police, but her telephone was inoperative. She then drove to a nearby residence for assistance. Defendant was arrested a few days later.

### ISSUE I

Defendant argues that Mrs. Hirshman's in court identification of him as her assailant should not have been admitted into evidence inasmuch as there was a discrepancy between her description of the assailant and his actual appearance. He also argues that her identification was based upon the fact that the would be robber stated that his name was Killion and not upon any similarity in appearance of the assailant and himself.

 Defendant, however, has not preserved such error for appeal, as he made no objection to the evidence at the time it was offered. *Riley v. State,* (1981) Ind., 427 N.E.2d 1074, 1076. Additionally, the jury was well aware of the discrepancies in Mrs. Hirschman's testimony. Those discrepancies affected only the weight and credibility of her testimony and not its admissibility. *Allen v. State,* (1981) Ind., 428 N.E.2d 1237, 1239. Also, Mrs. Hirshman stated unequivocally that, regardless of the Defendant's name, he was the man who had entered her home, demanded money, and beat her about the head.

 In his reply brief, Defendant argues that no objection to the in court identification was required because he is challenging the sufficiency of the evidence that it was he who committed the crime. His argument is without merit. Mrs. Hirshman unequivocally identified him as the perpetrator of the crime. Her testimony was sufficient to sustain the conviction. *McBrady v. State,* (1984) Ind., 459 N.E.2d 719, 723; *Grimes v. State,* (1980) Ind., 412 N.E.2d 75, 76.

### ISSUE II

Defendant argues that an incriminating statement which he gave to the police should not have been admitted into evidence in that the State failed to prove, beyond a reasonable doubt, that he had given the confession to the police and had knowingly, intentionally, and voluntarily waived his right to remain silent and his right to counsel. He testified at the suppression hearing that he was under the influence of drugs and alcohol at the time he gave the statement and his condition

precluded voluntariness. However, the trial court ruled that the Defendant had voluntarily waived his right to remain silent and his right to have counsel present at the questioning and that the statement was admissible.

■ This Court, in reviewing a trial court's ruling on the admissibility of a confession or an incriminating statement, examines only evidence and reasonable inferences therefrom which are favorable to the trial court's ruling, together with any uncontradicted adverse evidence, and if, from that viewpoint, there is substantial evidence to support the trial court's ruling, it will not be disturbed. *Washington v. State*, (1982) Ind., 441 N.E.2d 1355, 1358.

Officer Clyde Nichols, of the Washington County Sheriff's Department, testified that after he had given Defendant his advisement of rights, the Defendant confessed that he had attempted to rob Evelyn Hirshman and that he had hit her with a stick. Even though Defendant denied having made the statement and his brother-in-law, Dale Catlett, who had been present during part of the exchange between Defendant and Nichols, testified that Defendant had not made a statement, the testimony given by the police officer was substantial evidence of probative value to support the trial court's ruling.

When a question as to the voluntariness of a confession or incriminating statement arises,

"[i]t is the State's burden to prove, beyond a reasonable doubt, that the defendant voluntarily and intelligently waived his rights and that the defendant's confession was voluntarily given. In determining whether this burden has been met we look to the totality of the circumstances, including whether the confession was freely self determined, the product of a rational intellect and free will, without compulsion or inducement by way of violence, threats, promises or other improper influence, so as to overcome the free will of the accused. However, in reviewing the trial court's ruling upon the issue we will not weigh the evidence, but rather determine whether there was substantial probative evidence to support the finding of the trial court." (citations omitted).

*Goodman v. State*, (1983) Ind., 453 N.E.2d 984, 987.

■ In the case at bar, the record disclosed that Dale Catlett, the Defendant's brother-in-law, called Officer Clyde Nichols and told him that the Defendant was staying at a nearby motel and wanted to surrender to the police. Nichols and Catlett went to the motel where they found Defendant. On the return trip to the Washington County Jail, Nichols bought Defendant something to eat. At the jail, Nichols read and explained the waiver of rights form to Defendant, who subsequently signed it. Catlett also signed as a witness. Nichols testified that Defendant understood what he was doing, that he was coherent, and that he did not appear to be intoxicated or under the influence of drugs at that time. He further testified that when he asked Defendant if he had used any drugs that day, he responded that he had not. Both Catlett and Defendant testified that the Defendant was under the influence of drugs and alcohol on the evening that he was arrested and that, as a consequence, he could not have voluntarily waived his rights. Despite such conflicting evidence, the evidence to the contrary was sufficient to sustain the ruling of the trial court, and its decision that the statement was voluntarily given will not be disturbed by this Court.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DEBRULER and PIVARNIK, JJ., concur.