Anthony L. HALL, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 79S00–8608–CR–00717.

Supreme Court of Indiana.

Nov. 19, 1987.

Bruce W. Graham, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Anthony L. Hall was found guilty by a jury in the Tippecanoe County Court of the crime of conspiracy to commit escape and was also found to be an habitual offender. The trial court subsequently sentenced Hall to two (2) years for the escape conviction, enhanced by thirty (30) years for the finding of habitual offender.

Three issues are presented in this direct appeal:

1. trial court error in permitting reference to a polygraph examination;
2. trial court error in admitting evidence of Hall's prior offenses;
3. trial court error in admitting evidence regarding Hall's character.

On September 27, 1985, Kevin Alsop was serving a weekend sentence in the Tippecanoe County Jail. He was approached in the jail by Appellant Hall and David Akriage, who asked him to smuggle hacksaw blades into the cell block when he returned the next weekend. They promised to pay him one thousand ($1,000) dollars if he did so. The plan was to use the hacksaw blades to cut through cell bars and allow the prisoners out of their cells. They would then pull an air conditioner out of the wall and escape.

The next weekend Alsop smuggled the hacksaw blades into the cell block and gave them to "Butch" Decker, another prisoner, who was in the next cell block along with Hall and other prisoners who were planning to escape. When Decker got the blades Hall was in deadlock and restricted to his cell. Hall and Decker planned to have all the bars in the cells cut when Hall was released from deadlock for his shower. "Butch" Decker, Ed Decker, Steve White, and David Akriage all sawed on the bars of their respective cells and cut through some of them. However, the escape did not occur because Akriage informed the police about the plan. While monitoring the cell block, one of the jailers heard Hall say if he could get out to get a shower he could squeeze through. C block, where the prisoners who planned to escape were held, was locked down and a search was instituted. The police found some of the cell bars in the back of the block had been cut. Hall at first denied he had anything to do with the escape plan. He later admitted to having planned the escape and to having cut some of the bars with the hacksaw blade. Hall stated he was facing a lot of time and had nothing to lose by attempting to escape.

I

Hall claims the trial court erred by permitting the prosecutor to refer in her opening statement to the prospective polygraph examination. The record shows, however, there was no attempt to show the results of a polygraph regarding the testimony of any witness. Reference was made to Alsop's plea agreement with the State, including the fact he would take a polygraph examination after trial as part of the agreement. If Alsop failed the examination, the State was entitled to withdraw its offer to withhold prosecution. Hall objected to the reference to the polygraph exami-

nation in the prosecutor's opening statement and moved for a mistrial. The trial court denied the motion since the polygraph examination was part of the plea agreement and was a prospective examination. Determination to grant a mistrial is within the trial court's discretion and great deference is accorded the trial judge on appeal since he is in a more advantageous position to gauge the circumstances of an occurrence and its probable impact on the jury. *Hill v. State* (1986), Ind., 497 N.E.2d 1061, 1067. Declaration of a mistrial is an extreme action and is warranted only when no other action can be expected to remedy the situation. *Boyd v. State* (1986), Ind., 494 N.E.2d 284, 294, *cert. denied* — U.S. ——, 107 S.Ct. 910, 93 L.Ed.2d 860. To prevail in such a motion, the defendant must show he was placed in a position of grave peril to which he should not have been subjected. *Ramos v. State* (1982), Ind., 433 N.E.2d 757, 759. Hall is correct that absent a waiver or stipulation between the parties even the mention a party or witness has taken a polygraph examination is not admissible. *Reese v. State* (1983), Ind., 452 N.E.2d 936, 938. The reasons for this rule are that the test is not sufficiently accurate to permit its admission and the fear the jury will give undue weight to the validity of a polygraph test. *Kimmel v. State* (1981), 275 Ind. 575, 584, 418 N.E.2d 1152, 1157, *cert. denied* 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239; *Moritz v. State* (1984), Ind.App., 465 N.E.2d 748, 758. The reference to the polygraph here, however, was not offered to prove the witness took a test, thereby affecting his credibility. It was mentioned as a part of the plea agreement between the State and Alsop. It was permitted in evidence to inform the jury of the facts of the plea agreement with the witness pursuant to his grant of immunity. *Smith v. State* (1985), Ind., 475 N.E.2d 1139, 1141.

Further, during Alsop's testimony the subject of the plea agreement, including the prospective polygraph examination, was brought before the jury without Hall's objection. Defense counsel cross-examined Alsop concerning the plea agreement and the polygraph examination and, in fact, introduced into evidence as Defendant's Exhibit A a written copy of the plea agreement. Even if we could say the admission of the polygraph evidence was erroneous, a reversal is not required where other evidence having the same probative value is admitted without objection or contradiction. *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, 1227–1228, *cert. denied* 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 900; *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 902. The trial judge was justified in finding Hall failed to show prejudice or that he was placed in a position of grave peril requiring a mistrial.

## II

Hall next claims the trial court erred in admitting evidence of his prior offenses. During the direct examination of Kevin Alsop, the following occurred:

"Q. Did Tony tell you how he wanted to get out of jail?

A. Yes.

Q. And what did he tell you?

A. Well he explained to me how he got out last time and he was going to do the same thing."

Hall then moved for a mistrial, claiming the State had violated an order *in limine* directing that Hall's prior escapes not be introduced into evidence without first informing the court and Hall's attorney. The trial court found the question directed to Alsop was not calculated to bring out this evidence but rather it came out as the witness' response. The court overruled the motion for mistrial and admonished the jury to disregard the remark. Later Alsop again referred to Hall's prior offenses. The trial court again admonished Alsop not to refer to any conversation dealing with past conduct and told the jury to disregard any conversations about past conduct. Hall now claims admitting these statements into evidence and referring to his prior offenses placed him in such grave peril that the trial court erred in overruling the motion for mistrial.

Actually the trial court did not permit evidence of Hall's prior offenses.

The court sustained Hall's objection and admonished the jury to disregard the statements made by the witness. Ordinarily an admonishment to the jury that certain testimony is to be disregarded is sufficient to cure and protect the defendant's rights. *English v. State* (1985), Ind., 485 N.E.2d 93, 96; *Freed v. State* (1985), Ind., 480 N.E.2d 929, 936. Also Alsop did not testify as to any particular incident of escape by Hall, that he successfully escaped, or that he was charged in any way with escape. There was merely a general reference as to what he had done before. Again, the court ordered the statements stricken and admonished the jury to disregard them. These were adequate curative measures. We fail to see reversible error, particularly because testimony from Alsop and other witnesses, and Hall's own statements to police, overwhelmingly prove his guilt.

### III

Finally, Hall claims the trial court erred in admitting evidence regarding his character. Prior to trial Hall filed a motion *in limine*, seeking to exclude from evidence any specific acts exhibiting bad character or any evidence whatsoever of Hall's character. During trial the State requested a hearing outside the jury's presence to allow the court to hear and decide on the admissibility of David Akriage's testimony that he participated in the escape plan because Hall threatened to harm Akriage's wife and son. Akriage had reason to believe the threats based on his knowledge of Hall's actions in the past. Hall objected to this testimony but the trial court determined it was admissible. Akriage testified before the jury regarding Hall's threats to Akriage's wife and child, and stated why he thought Hall was capable of carrying out these threats. No objection was made to the admission of this testimony. Hall therefore waived this issue. *Killion v. State* (1984), Ind., 464 N.E.2d 920, 921.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.