**Norman L. WEST, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82S00–0008–CR–474.

Supreme Court of Indiana.

Nov. 16, 2001.

Timothy R. Dodd, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Adam Dulik, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

RUCKER, Justice.

A jury convicted Norman West of murder, and the trial court sentenced him to sixty years imprisonment. In this direct appeal we address the following rephrased issue: did the trial court err in denying West's motion for mistrial. Finding no error, we affirm.

## FACTS

In the early morning hours of October 28, 1999, a neighbor overheard an argu-

ment between West and his girlfriend, Theresa Hunt. According to the neighbor, after West threatened to kill Hunt, the argument stopped. Later that day an Evansville police officer was called to the apartment shared by Hunt and West and discovered Hunt's body. A later autopsy revealed Hunt died as a result of manual strangulation. West was arrested and charged with her murder.

In due course, the case proceeded to trial by jury. At one point in the late afternoon hours of the second day of trial, the jury was excused while the trial court entertained arguments of counsel on an evidentiary issue. As the jury was waiting in the jury room, one of the jurors proceeded to examine the contents of a box stored in the room. In so doing, the juror discovered a handgun that was associated with an unrelated trial conducted several years earlier. The bailiff was notified, and she immediately alerted the trial judge. After making a record by interrogating the bailiff and allowing counsel to do the same, the trial court reassembled the jury. The trial judge then gave the jury a routine end of the day admonishment and further admonished the jury to "refrain from looking through any drawers, cabinets, boxes, or whatever might be there." R. at 292. The following morning West filed a motion for mistrial, which the trial court denied. Before doing so, the trial court inquired of the jury:

> [I]n light of the events that occurred in the Jury Room yesterday in respect to a certain firearm, will that event or circumstance in any way interfere with your ability to be a fair and impartial Juror in this case and reach a verdict

solely on what you see and hear in this Courtroom as evidence?

R. at 296–97. Each juror replied that he or she would not. R. at 297–98. The trial resumed, and ultimately West was convicted as charged. Thereafter, the trial court sentenced him to sixty years imprisonment. This direct appeal followed.

### DISCUSSION

█ West contends the trial court erred in denying his motion for mistrial. In essence he complains that because his own case involved a crime of violence, the mere discovery of a weapon of violence in the jury room could have affected the jury's ability to remain fair and impartial. West cites federal authority to support his position.

█ Unlike the view taken in some federal circuits, *see, e.g., United States v. Keating,* 147 F.3d 895, 900 (9th Cir.1998); *United States v. Gonzales,* 121 F.3d 928, 944–45 (5th Cir.1997), Indiana does not take the position that the mere possibility that extrinsic evidence could have affected the jury's verdict is sufficient to require a mistrial. Rather, a mistrial is an extreme remedy that is warranted only when less severe remedies will not satisfactorily correct the error. *Warren v. State,* 725 N.E.2d 828, 833 (Ind.2000). Where the trial court is presented with the possibility that the jury has been exposed to extraneous material having a potential to taint the jury's verdict, upon motion by the defendant the trial court is required to interrogate and admonish the jurors collectively and individually. *Lindsey v. State,* 260 Ind. 351, 295 N.E.2d 819, 823 (1973).[1]

---

1. Although *Lindsey* involved a newspaper article published during trial, the *Lindsey* procedure has been applied to a variety of situations where potentially improper juror influences exist. *See, e.g., Flowers v. State,* 738 N.E.2d 1051, 1057–58 (Ind.2000) (complaint that members of the jury pool may have overheard prejudicial conversation between two discharged jurors), *reh'g denied; Chambers v. State,* 422 N.E.2d 1198, 1204 (Ind.1981) (jurors heard out-of-court remarks by the defendant during a recess);

Here, West does not contend the trial court failed to follow the *Lindsey* procedure. Nor does West contend the trial court's interrogation and admonishment were insufficient. Rather, his complaint seems to be that regardless of the jurors' response to the trial court's interrogation, they nonetheless were unable to remain fair and impartial.

██ The decision to grant or deny a motion for mistrial lies within the discretion of the trial court. *Ortiz v. State,* 741 N.E.2d 1203, 1205 (Ind.2001). The trial court's determination will be reversed only where an abuse of discretion can be established. *Mickens v. State,* 742 N.E.2d 927, 929 (Ind.2001). To prevail, the appellant must establish that he was placed in a position of grave peril to which he should not have been subjected. *Id.* The gravity of the peril is determined by the probable persuasive effect on the jury's decision. *Gill v. State,* 730 N.E.2d 709, 712 (Ind. 2000). West has not demonstrated that he was placed in a position of peril. The record shows the jury was well aware that the handgun was completely unrelated to evidence in West's trial. In fact, there was no evidence that a weapon of any kind was involved in Hunt's killing. We decline West's invitation to speculate that the handgun found in the jury room had an impact on the jury's verdict. The trial court correctly denied West's motion for mistrial.

Judgment affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

*Gee v. State,* 271 Ind. 28, 389 N.E.2d 303, 313 (1979) (juror's conversation on a public telephone overheard during trial recess);

*Bruce v. State,* 268 Ind. 180, 375 N.E.2d 1042, 1066 (1978) (audience discussion overheard by jurors).