## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 07 2018, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chris M. Teagle
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Greg E. Griffin, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | June 7, 2018 <br><br> Court of Appeals Case No. 05A02-1712-CR-2793 <br><br> Appeal from the Blackford Circuit Court <br><br> The Honorable Dean A. Young, Judge <br><br> Trial Court Cause No. 05C01-1703-F5-64 |

**Bailey, Judge.**

# Case Summary

[1] Greg E. Griffin ("Griffin") appeals his convictions of (1) Unlawful Possession of a Syringe,[1] elevated to a Level 5 felony; (2) Possession of Marijuana, as a Class B misdemeanor;[2] (3) Possession of a Device or Substance Used to Interfere with a Drug or Alcohol Screening Test, as a Class B misdemeanor;[3] and (4) Possession of Paraphernalia, as a Class C misdemeanor.[4]

[2] We affirm in part, reverse in part, and remand for resentencing.

# Issues

[3] Griffin presents several issues, which we restate as follows:

   I.   Whether the trial court abused its discretion in denying his motion for a mistrial, determining that an admonishment was an adequate remedy for testimony suggesting that Griffin previously used methamphetamine with a syringe.

   II.  Whether the trial court abused its discretion by giving a jury instruction defining joint possession.

---

[1] Ind. Code § 16-42-19-18.

[2] I.C. § 35-48-4-11(a)(1).

[3] I.C. § 35-43-5-18.

[4] I.C. 35-48-4-8.3(b)(1).

III.    Whether Griffin's conviction of Unlawful Possession of a Syringe could be elevated to a Level 5 felony.[5]

# Facts and Procedural History

On March 8, 2017, Griffin, a probationer, submitted to a urine screen, and was seen putting something in his pocket. When asked to remove the item, Griffin pulled out a small squeeze bottle. Griffin was advised of his rights and spoke with the police. Griffin admitted that the bottle contained clean urine that he brought with him for the test. Griffin also admitted that he had a syringe in his bedroom. The police then accompanied Griffin to his residence, and Griffin directed the police to a glasses case inside a dresser drawer. The case contained two hypodermic syringes and a spoon with white residue; later testing revealed the presence of methamphetamine on the spoon and inside a syringe. On top of the dresser, police found a hollowed-out pen with burn marks. Nearby, there was a pill bottle with Griffin's name on it. The bottle contained a green, leafy material that later testing revealed was marijuana.

The State charged Griffin with Count 1—Unlawful Possession of a Syringe, as a Level 5 felony; Count 2—Possession of Marijuana, as a Class A misdemeanor; Count 3—Possession of a Device or Substance Used to Interfere with a Drug or Alcohol Screening Test, as a Class B misdemeanor; and Count

---

[5] Our resolution of this issue leads us to conclude that Griffin's conviction was elevated by an inapplicable statute. We therefore do not address Griffin's assertion that the court abused its discretion by rejecting a plea agreement that contemplated pleading guilty only to that "elevated" crime. Moreover, because we remand for resentencing, we do not reach Griffin's contention that the court abused its sentencing discretion.

4—Possession of Paraphernalia, as a Class C misdemeanor. Both Count 1 and Count 2 involved elevations based upon alleged prior convictions.

[6] Prior to trial, the court issued orders in limine specifying, among other things, that no party or witness could "make reference to other crimes, wrongs, or acts committed by any witness or person without first receiving" permission. App. Vol. 2 at 50. During the eventual jury trial, the State asked a law enforcement officer how syringes came up in a conversation with Griffin. The officer responded that another officer had asked Griffin "if he, how he used his Methamphetamine." Tr. at 24-25. Griffin objected, and the court concluded that the State had violated an order in limine. Griffin sought a mistrial, and the trial court determined that it would instead give an admonishment to the jury.

[7] At trial, Griffin's strategy was to admit to much of the alleged conduct—just not possession of the syringes; Griffin testified that the syringes belonged to a woman who had been staying with him. The State later sought a jury instruction explaining that possession can be sole or joint. Griffin objected, asserting that he had not been charged with joint possession of the contraband.

[8] The jury found Griffin guilty of the charges tried to it, and Griffin waived his right to a jury for the ensuing elevation phase of his trial. After the presentation of evidence, the trial court determined that Griffin was guilty of the elevated charge of Unlawful Possession of a Syringe, but that Griffin was not guilty of the elevated charge of Possession of Marijuana. As a result, Count 1 was elevated to a Level 5 felony and Count 2 remained a Class B misdemeanor.

Thereafter, the trial court held a sentencing hearing and imposed an aggregate sentence of six years in the Indiana Department of Correction.

[9] Griffin now appeals.

# Discussion and Decision

## Denial of Motion for Mistrial

[10] To prevail in seeking a mistrial, "the defendant must show he was placed in a position of grave peril to which he should not have been subjected." *Hall v. State*, 514 N.E.2d 1265, 1267 (Ind. 1987). Moreover, "[t]he gravity of the peril is determined by the probable persuasive effect on the jury's decision." *West v. State*, 758 N.E.2d 54, 56 (Ind. 2001). "[T]he correct legal standard for a mistrial is a pure question of law, which we review de novo." *Weisheit v. State*, 26 N.E.3d 3, 15 (Ind. 2015). However, "[a] trial court is in the best position to evaluate whether a mistrial is warranted because it can assess first-hand all relevant facts and circumstances and their impact on the jury." *Ramirez v. State*, 7 N.E.3d 933, 935 (Ind. 2014). "We accordingly review the trial court's denial of a motion for a mistrial for an abuse of discretion." *Weisheit*, 26 N.E.3d at 15. In conducting our review, we afford "great deference" to the trial court's decision, *Hall*, 514 N.E.2d at 1267, recognizing that "[a] mistrial is an extreme remedy that is warranted only when less severe remedies will not satisfactorily correct the error," *Banks v. State*, 761 N.E.2d 403, 405 (Ind. 2002). Moreover,

"[a] timely and accurate admonition is presumed to cure any error in the admission of evidence." *James v. State*, 613 N.E.2d 15, 22 (Ind. 1993).

In the instant case, the court issued orders in limine requiring that the parties obtain permission before introducing evidence of prior bad acts, which our Rules of Evidence allow only in limited circumstances. *See* Ind. Evid. R. 404. The purpose of preliminary orders "is to prevent the display of potentially prejudicial material to the jury until the trial court has the opportunity to rule on its admissibility." *Herrera v. State*, 710 N.E.2d 931, 935 (Ind. Ct. App. 1999).

At trial, the State engaged in the following exchange with a witness, without first seeking permission from the trial court:

> Q:  Okay. Alright. So, after the discussion about the urine screen, did there – was there a discussion about syringes?
>
> A:  There was.
>
> Q:  Okay. And how does that –. How did the syringes first come up?
>
> A:  The syringes first came up –. Major Heflin had asked him if he, how he used his Methamphetamine.

Tr. at 24-25. After sidebar discussion and recess, the trial court issued the following admonishment to the jury:

When we recessed, we were still in the State's case in chief. We discussed [a] certain question and answer that was put to Officer Crouse, he was asked a question regarding his discussion with the defendant regarding syringes, and Officer Crouse made a reference to a statement purportedly made by Deputy Heflin. The jury is admonished to disregard that statement, any reference to Deputy Heflin or any matters involving Deputy Heflin are to be disregarded by the jury.

*Id.* at 30-31.

[13]     According to Griffin, the State committed prosecutorial misconduct by engaging in the quoted line of questioning, ultimately violating the orders in limine by eliciting testimony suggestive of prior use of methamphetamine. Griffin asserts that a mistrial was the only adequate remedy for the alleged misconduct. Upon an allegation of prosecutorial misconduct, we first consider whether the prosecutor engaged in misconduct and then consider whether a mistrial is warranted. *Ryan v. State*, 9 N.E.3d 663, 667 (Ind. 2014). Here, it does not appear that the State deliberately elicited testimony concerning any prior bad act. *See, e.g.*, *Frentz v. State*, 875 N.E.2d 453, 468 (Ind. Ct. App. 2007), *trans. denied*. Nonetheless, as with forms of evidentiary error, when there is an allegation of misconduct, "admonishments are presumed to cure error which may have occurred." *Dresser v. State*, 454 N.E.2d 406, 409 (Ind. 1983).

[14]     Griffin asserts that an admonishment was inadequate because he was placed "in a position of peril in that his defense to the Possession of a Syringe was that the syringe . . . belonged to his roommate." Appellant's Br. at 17. Yet, any potential prejudicial effect from the testimony would have been relatively minor

in light of other evidence—in particular, a recording from the search of Griffin's residence in which Griffin told his mother, "I had a needle." State's Exh. 18. Ultimately, we are not persuaded that the court's prompt admonition was inadequate and that the extreme remedy of a mistrial was warranted. *See James*, 613 N.E.2d at 22. We therefore decline to disturb the trial court's decision.

## Jury Instruction

[15] "We review a trial court's instructions to the jury for an abuse of discretion," which occurs "when the instruction is erroneous and the instructions taken as a whole misstate the law or otherwise mislead the jury." *Isom v. State*, 31 N.E.3d 469, 484-85 (Ind. 2015). Griffin briefly argues that the court abused its discretion by instructing the jury on joint possession.[6] In so arguing, Griffin does not challenge the accuracy of the instruction. Rather, Griffin argues that the instruction was improper because the charging information alleged "that Griffin solely possessed the syringes." Appellant's Br. at 18. According to Griffin, because the State did not specifically allege that Griffin jointly possessed the contraband, the State could not obtain a conviction based upon a theory of joint possession. We disagree. The State alleged that Griffin "did . . . possess" each item of contraband, App. Vol. 2 at 18-19, and it is well-settled that "possession" occurs for the purposes of a criminal conviction

---

[6] Griffin has not provided a copy of the final jury instructions.

whether possession is joint or sole, actual or constructive. *E.g.*, *Goodner v. State*, 685 N.E.2d 1058, 1061 (Ind. 1997) ("[E]xclusive possession is not required.").

# Felony Elevation

[16] Griffin next argues that there is insufficient evidence to elevate his Unlawful Possession of a Syringe conviction from a Level 6 felony to a Level 5 felony. However, we identify a more basic issue that this Court recently analyzed in *Knutson v. State*, No. 12A04-1709-CR-2246 (Ind. Ct. App. May 31, 2018)—namely, whether the elevation is permitted by statute. The issue requires statutory interpretation, which we conduct de novo. *Johnson v. State*, 87 N.E.3d 471, 472 (Ind. 2017).

[17] The statute used to support the elevation provides:

> *Unless otherwise specified*, a person who knowingly violates this chapter . . . commits a Level 6 felony. However, the offense is a Level 5 felony if the person has a prior conviction under this subsection or IC 16-6-8-10(a) before its repeal.

I.C. § 16-42-19-27(a) (emphasis added). Yet, the criminalization of Unlawful Possession of a Syringe—though set forth in the same chapter—is specifically addressed in a separate section, which states:

> (a) A person may not possess with intent to . . . violate this chapter . . . a hypodermic syringe or needle or an instrument adapted for the use of a controlled substance or legend drug by injection in a human being.

(b) A person who violates subsection (a) commits a Level 6 felony.

I.C. § 16-42-19-18. This section does not provide for elevation. *See id.*

[18] In *Knutson*, this Court engaged in statutory interpretation and concluded that Unlawful Possession of a Syringe cannot be elevated "pursuant to the general offense-level statute." Slip op. at 8. In reaching this conclusion, the Court noted the language of exception—"Unless otherwise specified"—set forth in the broader "catch all" statute. *Id.* at 5-7. The Court observed that "in back-to-back sections of the same public law, the legislature specified that it is a Level 6 felony to possess a syringe (but notably did not add offense levels to any of the other sections in Chapter 19) and then added the phrase 'Unless otherwise [specified]' to the general offense-level statute." *Id.* at 7 (referring to Pub. L. No. 187-2015, §§ 23, 24). The Court reasoned that the General Assembly may have wanted to avoid "crowd[ing] our prisons with drug addicts" and thus attached a lower sentencing range to the offense, *id.* at 8, an objective consistent with the recent revisions to our criminal code that reduced penalties for certain drug-related offenses. *Id.* at 7-8 (citing Pub. L. No. 158-2013).

[19] We concur with the analysis in *Knutson*, and therefore conclude that it was improper to elevate the offense of Unlawful Possession of a Syringe to a Level 5 felony. Otherwise affirming Griffin's convictions, we reverse the elevation and remand for resentencing within the Level 6 felony range.

# Conclusion

[20] The trial court did not abuse its discretion by denying Griffin's motion for a mistrial or by instructing the jury on joint possession. However, it was improper to elevate Griffin's conviction of Unlawful Possession of a Syringe.

[21] Affirmed in part, reversed in part, and remanded for resentencing.

Crone, J., and Brown, J., concur.